THOMPSON, Judge.
This is an appeal from an order dismissing appellant’s petition for writ of habeas corpus for failure to state a cause of action. We affirm.
Appellant, an inmate in the Florida prison system, alleges that he has been unlawfully deprived of work gain time, to which he feels that he is entitled under § 944.-275(2)(b), Fla.Stat. (1981). Appellant’s job as a laundry equipment operator in the prison is classified by the Department of Corrections (the department) as “semiskilled.” The skill level of an inmate’s job is one of the factors used by the department in calculating the amount of work gain time awarded the inmate. The appellant’s job is classified as semi-skilled, and under the department’s rules he is entitled, at most, to work gain time amounting to 75% of the days he works. See Fla.Admin.Code Rule 33-11.065. The appellant feels that because he is not getting one day of work gain time for each day he works, that he is being deprived of work gain time contrary to § 944.275(2)(b). Appellant’s argument is without merit.
Section 944.275(2)(b) does not mandate that an inmate be given one day of gain time for each and every day worked. It merely authorizes the department to award prisoners:
up to 1 day for each day of productive or institutional labor performed by any prisoner who has committed no infraction of the rules of the department or of the laws of this state and who has accomplished, in a satisfactory and acceptable manner, the work duties, and tasks assigned.
§ 944.275(2)(b), Fla.Stat. (1981). The section goes on to state that the work gain time allowance “shall be awarded on the basis of diligence of the inmate, the quality and quantity of work performed, and the skill required for performance of the work. Accordingly, an inmate is not entitled to automatically receive one day of work gain time for each and every day of work performed. It is clear from the formula used by the department in computing work gain time that all of these statutory criteria are taken into account. Furthermore, the proper classification of a particular job per *42 formed by an inmate is within the discretion of the department. Appellant has failed to prove that the department has abused it’s discretion in classifying his job as “semi-skilled” as opposed to “skilled.” We additionally note that since appellant received a disciplinary report in August 1981, he was statutorily prohibited from receiving statutory or work gain time during that month. §§ 944.275(1), .275(2)(b), Fla.Stat. (1981).
We therefore find that petitioner has not been unlawfully denied work gain time. Accordingly, the trial court properly dismissed the petition for writ of habeas corpus for failure to state a cause of action.
LARRY G. SMITH and JOANOS, JJ., concur.