ZEHMER, Judge.
Harvey Sidener appeals the circuit court’s order dismissing with prejudice his action of ejectment against the property appraiser of Escambia County, the City of Pensacola, and Allen C. Williams, and contends the trial court erred in denying leave *644 to amend his complaint. We agree and reverse.
Sidener’s complaint alleged that he owned the involved property based on adverse possession by color of title under a certain tax deed from Escambia County and that he, Sidener, had paid taxes on the property continuously from 1948 through 1981. In 1981, however, the county property appraiser voided the 1981 assessment in Sidener’s name and, instead, listed the City of Pensacola as an exempt owner. The city and Williams each moved to dismiss Sidener’s complaint based on the failure to allege exclusive continuous possession of the property for the seven years preceding the commencement of the action. Williams also asked the court to take judicial notice of a 1955 judicial determination that the tax deed upon which Sidener claimed title was held invalid. The trial court granted the motions upon a finding that the tax deed by which Sidener had claimed color of title is invalid and dismissed the action with prejudice.
The record contains no motion by Sidener for leave to amend his complaint. At oral argument, however, counsel for all parties agreed that Sidener’s counsel did make an ore tenus motion at the hearing on appel-lees’ motions to dismiss and that the motion was denied. As we view the record, the trial court did not err in granting appel-lees’ motions to dismiss for failure to state a cause of action because Sidener’s complaint was vague, ambiguous, and susceptible to the interpretation that it relied solely upon the validity of the tax deed. We hold, however, that it was error to dismiss with prejudice because Sidener had not previously amended the complaint and it does not clearly appear that a cause of action cannot be alleged.[1] Affordable Homes, Inc. v. Devils Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982); Anthony v. Jacksonville Transportation Authority, 383 So.2d 650 (Fla. 1st DCA 1980); Highlands County School Board v. K.D. Hedin Construction, Inc., 382 So.2d 90 (Fla. 2d DCA 1980). We especially note the provision of rule 1.190(a), Florida Rules of Civil Procedure, that “leave of court shall be freely given when justice so requires.”
REVERSED and REMANDED.
WIGGINTON, J., concurs,
THOMPSON, J., dissents with opinion.
THOMPSON, Judge,
dissents.
I would affirm the order of the trial court granting the motions to dismiss filed on behalf of the appellees. As found by the trial judge, an objection to the legal sufficiency of appellant’s tax deed was sustained by order of the Circuit Court in and for Escambia County in Case No. 39-358-CA-01 entered December 16, 1954, and thereafter the validity of the tax deed was reconsidered and the deed was found to be invalid by order dated January 27, 1955. Appellant’s claim of title is based on this tax deed which was adjudicated invalid by a court of competent jurisdiction more than 25 years ago. Both res judicata and estop-pel are bars to any action by the appellant to establish ownership of the property based on the invalid deed. As the complaint could not be amended to state a cause of action under these circumstances, the dismissal and the denial of appellant’s oral motion to amend was not an abuse of discretion or error.
The record shows that appellee Williams and his predecessors in title had been in possession of the property in question for more than 25 years. Even if the appellant does amend his complaint to attempt to state a cause of action he would not only have to overcome the defenses of res judi-cata and estoppel but also the limitation in § 95.091, Fla.Stat., which provides that if *645 real property is adversely possessed by any person no action shall be brought by a tax deed holder unless the action is begun within four years from the date of the deed. The appellant’s deed was dated October 5, 1948, more than 35 years ago.

. For example, appellant contends he could allege and prove adverse possession without reliance on the tax deed found invalid by the court; that the tax deed, even though invalid to the extent of the submerged lands in controversy in the cited 1955 judgment, was not otherwise invalid as to accreted lands now in controversy; and that he can rely on a chain of title without color of title. We do not reach, nor do we intimate any opinion on, the sufficiency of these and other grounds which appellant might assert by amendment.