476 So.2d 787 (1985)
Odell HALL, Appellant,
v.
William KEY, R.L. Dugger and R.R. Music, Appellees.
No. BD-213.
District Court of Appeal of Florida, First District.
October 17, 1985.
*788 Odell Hall, in pro. per.
Jim Smith, Atty. Gen., Carl J. Zahner, Asst. Atty. Gen., Tallahassee, for appellees.
ERVIN, Judge.
Hall appeals the dismissal of his petition for writ of mandamus. We affirm the dismissal, but modify the order below to allow Hall to amend his allegations against appellees Dugger and Music.
On October 12, 1984, Hall, an inmate at Florida State Prison, filed a petition for writ of mandamus in circuit court against appellees. The petition seeks an order compelling Dugger and Music to remove Correctional Officer Key from having any direct contact with inmates, "because of his autocratic, perverted, sadistic and racist attude [sic] towards Petitioner." The petition alleges in part that Hall is suffering mental and emotional distress; and Dugger and Music have been informed several times about Key's "outrageous conduct towards inmates", but have allowed Key to deprive Hall of his Fifth and Fourteenth Amendment rights under the United States Constitution. The lower court dismissed Hall's petition, stating: "An examination of the Petition for Writ of Mandamus reveals that it does not state grounds upon which relief may be granted."
The only issue on appeal is whether the court erred in dismissing Hall's petition without allowing him an opportunity to amend the petition. To show entitlement to a writ of mandamus, "the petitioner must demonstrate a clear legal right on his part, an indisputable legal duty on the part of respondents, and that no other adequate remedy exists." State, Department of Health and Rehabilitative Services v. Hartsfield, 399 So.2d 1019, 1020 (Fla. 1st DCA 1981). Hall's petition apparently relies on the due process clauses of the Fifth and Fourteenth Amendments for his "clear legal right", and on Section 944.34, Florida Statutes (1983), for respondents' "indisputable legal duty". Section 944.34 states:
Order and punishment.  All necessary means shall be used by the superintendents, and such punishments as may be needful shall be adopted to maintain order, enforce obedience and discipline, suppress insurrection, prevent escapes, and compel performance of labor; but no cruel or inhuman punishment shall be inflicted upon any prisoner, and no punishment injurious to the mind or the body of the prisoner shall be permitted, nor shall any prisoner be compelled to labor without sufficient food.
Hall inartfully suggests that Dugger and Music  whose positions at the Florida State Prison are not reflected in the record or briefs  have an indisputable legal duty to not permit "punishment injurious to the mind or ... [Hall's] body". This right is obviously owed an inmate under the above statute. Although a writ of mandamus "cannot be used to compel a public agency clothed with discretion to exercise that discretion in a given manner", Graham v. Vann, 394 So.2d 180, 182 (Fla. 1st DCA 1981), we agree with Hall that section 944.34 clearly compels a prison superintendent to not permit certain types of *789 punishment. Also, Section 20.315(1)(c), Florida Statutes (1983), though not cited in Hall's petition, requires the Department of Corrections (DOC) to have as a goal the following:
To provide an environment for incarcerated persons in which rehabilitation is possible. This should include the protection of the offender from victimization within the institution and the development of a system of due process and internal legality in institutions.
See Vann, 394 So.2d at 183, where this court held that pursuant to section 20.315(1), DOC has a clear legal duty to provide inmates with incarceration "where they are free from victimization by other inmates."
Hall's petition, however, was justifiably dismissed because of its vague and conclusory allegations. See Fullman v. Graddick, 739 F.2d 553 (11th Cir.1984). As already noted, the petition does not state whether Dugger and Music are superintendents or serve in such other supervisory position having control over Key's conduct. Also, the petition does not specify what unconstitutional actions Key has taken against Hall.
While the record contains no motion by Hall for leave to amend his petition, he argues on appeal that he should have been granted leave to amend. Under the circumstances, we are unable to state that Hall cannot allege grounds upon which the relief sought may be granted against Music and Dugger, who appear to exercise a supervisory role over Key's actions.
Therefore, the trial court erred in dismissing Hall's petition without granting leave to amend as to Music and Dugger. Sidener v. Jones, 455 So.2d 643, 644 (Fla. 1st DCA 1984); Florida Rule of Civil Procedure 1.190(a). As stated by this court: "Amendments to pleadings should be freely allowed in the interest of justice so that the merits of the case may be reached." Kirkland v. State, Department of Health and Rehabilitative Services, 424 So.2d 925, 927 (Fla. 1st DCA 1983). Moreover, allegations in a prisoner's pro se petition should be held "to less stringent standards than formal pleadings drafted by lawyers". Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).
Accordingly, as to appellees Music and Dugger, we affirm the dismissal of Hall's petition, with directions, however, that leave be granted to allow Hall to amend his petition. Regarding appellee Key, since Hall cannot demonstrate "an indisputable legal duty" on the part of Key, no writ of mandamus can be entered against Key. We affirm, without modification, the dismissal of Hall's petition against Key.
WENTWORTH and ZEHMER, JJ., concur.