GLICKSTEIN, Judge,
dissenting.
This is a pro se appeal of the Palm Beach County circuit court’s denial of appellant’s petition for writ of mandamus. The court has affirmed. I would remand with direction to give appellant the opportunity to provide the documentation upon which he relies.
Appellant is a prisoner at Polk Institution. He and another prisoner, David King, filed a petition for writ of mandamus. The petition contended the prison authorities were deliberately refusing to act on an administrative appeal filed at Glades, even though they had authority to do so and there was no legal impediment to their acting on it. The other prisoner was excluded because he had failed properly to sign the petition; thus Porter remained as sole petitioner. The attorney general filed a written response to the petition. The trial court summarily denied Porter’s petition whereupon Porter filed his notice of appeal prematurely, on April 2, 1986, perhaps because the court had stated orally the petition would be denied. Appellant’s brief was tardily filed. Appellees’ motion to dismiss and amended motion to dismiss were denied.
The record on appeal being very meagre, I shall attempt to reconstruct what happened and hope it is reasonably accurate.
According to Porter’s petition to the circuit court, he and David King were placed in administrative confinement for violation of institutional rules, and subsequently Porter was tried before the prison’s disciplinary committee on charges of participating in and causing a minor disturbance. (I am omitting matters pertaining to King.) Porter was convicted by the committee, and sentenced to thirty days’ confinement and thirty days’ loss of gain time. This action apparently occurred on August 13, 1985. The two prisoners were advised of their right to appeal.
Porter says he filed an administrative appeal on August 28, 1985, but it was returned for failure to state what relief was sought. Porter says he resubmitted his grievance in proper form on September 9, 1985. There is no supporting document in the record to show this, but Porter’s petition is sworn.
Subsequently Porter wrote two letters of inquiry, one, on October 8, 1985, to the prison superintendent, Willie Floyd, and one, on November 5, 1985, to “Mr. Beding- *1266 field” in Tallahassee (who may be inspector general of the Department of Corrections).
Appellees wrote in their response to Porter's petition for writ of mandamus that shortly after the return to the prisoners of the defective appeal forms — specifically, on September 16, 1985 — Porter filed an appeal that concerned missing property and had nothing to do with the administrative appeal. Only on November 12, 1985, did Porter submit an appeal of a disciplinary rule. It was returned to Porter the same day; and the Glades authorities have no copy, because Porter’s records were transferred to Polk when he was transferred — on or about January 14, 1986.
The issues, restated, are as follows:
I. Whether the trial court erred in denying appellant’s petition for writ of mandamus on the strength merely of appel-lees’ response and copies of pages from the regularly kept inmate grievance and appeal log. Technically, I agree it did not.
II. Whether the trial court erred by failing to order further response from appellant, who is a lay person representing himself, so that he might supply further evidence which could have been obtained but did not accompany his petition. I believe appellant should have been given additional time to marshal the evidence.
Appellant contends the trial court improperly relied on unsworn statements of the attorney general in the response to appellant's petition, and on improper hearsay, copies of certain log pages, to deny his petition. Appellees answer that the copies of the log pages that accompanied the response are admissible evidence because they are kept by the prison authorities in the regular course of business. Appellees claim these pages corroborate what the attorney general said, in the response, concerning the dates and nature of Porter’s filings of grievances, and the dates and nature of their disposition or, at least, would corroborate it, if they were more legible.
It is, of course, true that unsworn statements of a lawyer do not constitute evidence. See, e.g., Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982). As to the exhibit in support of the response to Porter’s petition, the records custodian swore that the copies of log pages submitted were true copies of official files at Glades (R 21). The pertinent information on these sheets is partially illegible because someone’s added highlighting reproduced almost black. Much of the information on these log sheet copies is readable with some effort, and tends to corroborate the appellees’ statements to the effect Porter’s appeal grievance was not refiled until some time in November 1985. One cannot tell the exact date, however; the space for subject of the grievance or appeal as to that filing is blank; what looks like an attached note stating, “Grievance dated 11-12-85 was returned unanswered because it was not submitted properly. [Signed] P,” cannot be an official record made in the regular course of business; and the date of return of the grievance is also illegible. It is entirely likely that the illegible matter is legible in the original log; but as I gather from what is before this court, the original log was not before the trial court.
Rule 33-3.07(6), Florida Administrative Code, states that a record must be made of each administrative grievance or appeal. This record should contain at least the inmates’ name, prison number, date of receipt, subject of grievance or appeal, its disposition, and the date of its disposition. A copy of such record should be filed monthly with the institutional superintendent or the secretary of the department. This rule makes clear that the log is an acceptable business or official record outside the hearsay rule; but the copies of the log sheets here available fail adequately to show that Porter had no appeal before the prison authorities. There are two sheets apparently covering the period September 10 through September 16, 1985, and one sheet for November 1 through 14, 1985. The sheet for November shows grievances filed November 7, 1985, above several filed November 1, 1985. This suggests sloppy record keeping at best. But most importantly, as already stated, the “subject” *1267 space is blank. How then did the trial court know this was the appeal of the disciplinary action against Porter, and, since the attached note appears not to be a part of the official record, how could the trial court know why this appeal was returned to him?
The trial court said Porter’s petition was summarily denied “because the pleadings conclusively show that the petitioner, Wallace Porter, has failed to exhaust his administrative remedies and has failed to supply sufficient record documentation which would indicate the respondents failed to perform any ministerial acts.”
I think it is true, at least, that Porter did fail to supply sufficient record documentation to show the prison administration failed to act on his appeal. All he did was swear that he submitted appeals. He did not support his petition with, for example, copies of his administrative appeal filings, or receipts for his appeals, which, according to rule 33.3.07(2), Florida Administrative Code, he is supposed to be given.
On the other hand, I do not see that what the state supplied sufficiently overcame appellant’s sworn petition. Porter claims he submitted a proper appeal on September 9, 1985; the log sheets do not include that date. The log record of a September 12, 1985, grievance that contained no specific request and was returned the same day need not be the appeal Porter swore he submitted. In sum, I think unsubstantiated but sworn averments of Porter were inadequately countered by the prison authorities.
The case ultimately boils down to the question of who had what burden. Technically, it was up to the petitioner to make out a case that he was entitled to a writ of mandamus. Appellant mentions the case of Hall v. Key, 476 So.2d 787 (Fla. 1st DCA 1985). There, the appellate court stated that:
To show entitlement to a writ of mandamus, “the petitioner must demonstrate a clear legal right on his part, an indisputable legal duty on the part of respondents, and that no other adequate remedy exists.” State, Department of Health and Rehabilitative Services v. Hartsfield, 399 So.2d 1019, 1020 (Fla. 1st DCA 1981).
476 So.2d at 788. The trial court dismissed Hall’s petition because of its vague and conclusory allegations, albeit the legal points he based his petition on were entirely correct. The appellate court found this dismissal justifiable. However, although there was nothing to show Hall had moved to amend his petition, the appellate court ruled, in light of rule 1.190(a), Florida Rules of Civil Procedure, he should have been granted leave to amend, in the interest of justice, so the merits could be reached. Id. at 789. “Moreover, allegations in a prisoner’s pro se petition should be held ‘to less stringent standards than formal pleadings drafted by lawyers.’” Id. (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).
I shall not say that the present case is apposite to Hall v. Key. We are not dealing with conclusory facts in petitioner/appellant’s allegations, but with uncertainty that a proper administrative appeal was ever filed. Appellant apparently knows the rules that govern such appeals; he has failed to supply proof that the corrections authorities had an appeal on which to act. Thus I think the trial court could properly conclude that he failed to show “an indisputable legal” right on his part or duty on the part of the respondents.
Nevertheless, considering the essential powerlessness of prisoners, I believe the court should have gone the extra mile to give Porter a chance to show he really had filed his appeal. The court could have instructed him to file his receipt for the appeal he claims to have filed, as the administrative rule states he should receive a receipt. Fla.Admin.Code Rule 33-3.07(2). The court could have given him time to try to obtain a copy of his alleged appeal from the Polk authorities, since the Glades authorities say all of Porter’s records were transferred there.
Assuming, for the sake of discussion, that many administrative and judicial appeals originating in prison are frivolous, *1268 suppose, however, the present appellant really has timely filed an administrative appeal, and some prison employee misplaced it, or threw it away. How is the inmate to obtain redress, if he is not given a little leeway in trying to produce documents to prove that his administrative appeal was overlooked? By and large, the authority of the prison officials is so pervasive that it may be very difficult for an inmate to produce documentation — even papers that may have been retained by him.
What harm is there in giving this prisoner the opportunity to marshal documentation? What is the downside in informing this prisoner of the deficiencies in his pleadings and giving him a reasonable time to correct them, before his petition is dismissed? Admittedly, there is no direct authority to support my suggested solution here, as the circumstances are different from those in Hall; but the result seems just to me.