PER CURIAM.
Petitioner seeks a petition for writ of mandamus and petition for writ of prohibition arising out of the respondent circuit judge’s refusal to hear and determine petitioner’s motion to dismiss, motion to set aside default and motion to continue jury trial. We deny without prejudice the petition for writ of prohibition and for the reasons discussed below, we grant the petition for writ of mandamus.
In his petition, the petitioner alleges that approximately two and a half weeks prior to the scheduled trial date, he learned that he was a party to a pending lawsuit and that a default had been entered against him. Shortly thereafter, petitioner engaged counsel who determined that the case was set for trial during the week of February 20th. Counsel filed the above referenced motions on February 17, 1989. The basis of the sworn motion to dismiss is that the court lacked jurisdiction over Ber-ens because he was never served with the summons and complaint in the cause and that the purported service was defective and insufficient.
By telephone, counsel attempted to set the motions for hearing prior to the trial’s commencement. Counsel was advised that the circuit judge would not hear the motions and that the trial would proceed as previously scheduled. On Monday February 20, counsel filed the petitions herein addressed.
Upon receipt of the petitions, this court determined that the motion to dismiss was sufficient and adequately alleged grounds that would indicate that the court lacked jurisdiction over the petitioner. This court then stayed the trial pending further order of this court.
Mandamus is a common law writ used to direct an official to perform his official duties. State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508 (1933). Where, as here, the judge refuses to rule on a motion challenging personal jurisdiction, it is appropriate to issue the writ.
We understand and support the trial judge’s need to control his docket, and certainly sympathize with his resistance to last minute pretrial motions. However, these factors must become secondary when the court is faced with a jurisdictional question such as that raised here.
Accordingly, we grant the petition for writ of mandamus and direct the circuit judge to hear and rule on Beren’s motion to dismiss.
SCHEB, A.C.J., and RYDER and SCHOONOVER, JJ., concur.