M.A. Galbraith, Jr City Attorney City of Clearwater
QUESTION: 1. What are the penalties or consequences of a local government's failure to adopt an ordinance within 90 days of the effective date of the Convenience Store Security Act? 2. Does the convenience Store Security Act prohibit a local government from adopting a broader definition of "convenience store" than that which is contained in the act? 3. Is the "mom and pop" exemption contained in the Convenience Store Security Act constitutional? 4. What is the meaning of "reduces" as it is used in s. 5(5) of the Convenience Store Act? 5. What is the distinction between a "noncompliance fee" and a "civil fine" as provided for in the Convenience Store Security Act? 6. May a county court or a local government code enforcement board impose a "civil fine" in an appropriate case? 7. Are the fine and penalty provided in the Convenience Store Security Act exceptions to s. 162.09(2), F.S., limiting fines imposed by local code enforcement boards to $250 per day for the first violation and $500 per day for a repeat violation, and s. 125.69, F.S., limiting fines for county ordinance violations to $500? 8. Does the Convenience Store Security Act violate equal protection guarantees by allowing non-uniform penalties for the same conduct in different local government jurisdictions? 9. Will the Office of the Attorney General provide direct legal assistance in defending challenges to ordinances adopted pursuant to the Convenience Store Security Act? 10. May local governments restrict hours of operation for convenience stores in lieu of imposing the requirements of the Convenience Store Security Act? 11. If a county adopts an ordinance pursuant to the Convenience Store Security Act which applies in the incorporated and unincorporated areas of the county, must a municipality adopt a similar ordinance?
SUMMARY: 1. The Convenience Store Security Act contains no penalty for a local government's failure to adopt an ordinance pursuant to the act. 2. A municipality may not alter the definition of convenience store in order to affect stores or retail establishments not contemplated by the act. 3. This office may not pass upon the constitutionality of a statute and must presume its validity. 4. Any tinting which diminishes the visibility through the convenience store window is prohibited. 5. The noncompliance fee and the civil fine are two separate penalties with distinguishable underlying acts which initiate proceedings to impose them. 6. The county court or a code enforcement board has the authority to impose civil fines for violation of the ordinance mandated by the act. 7. The more recent and more specific enactment of the Convenience Store Security Act operates as an exception to the general provisions and limitations of Ch. 162, F.S., relating to the enforcement of local codes and ordinances. 8. As previously noted, this office may not pass upon the constitutionality of a duly enacted statute. 9. The Office of the Attorney General is not required to defend local government actions based upon general statutory mandates, but remains available to offer informal legal advice when the need arises. 10. Local governments subject to the Convenience Store Security Act must comply with its terms and may not institute security measures to avoid such compliance. 11. A county ordinance may be enforced throughout the incorporated and unincorporated areas of the county, if it is not in conflict with a municipal ordinance.
AS TO QUESTION 1:
Chapter 90-346, Laws of Florida, creates the "Convenience Store Security Act" (the act) to require certain minimum security measures at convenience stores to protect store employees and the consumer public from robbery and injury. Section 4(1), Ch. 90-346, Laws of Florida, in part, provides:
 Each local government in which a death, serious injury, or sexual battery has occurred during the commission of a theft or robbery at a convenience store within its jurisdiction during the preceding 12 months shall adopt within 90 days an ordinance which mandates the provisions of section 5, 6, and 7 of this act. (e.s.)
Thus, local government jurisdictions in which a death, serious injury, or sexual battery occurs during the commission of a theft or robbery of a convenience store are statutorily required within ninety days of the effective date of the act to adopt an ordinance mandating the safety precautions set forth therein. Those jurisdictions failing to adopt the required ordinance shall be notified by the Attorney General of their obligation to do so.
The act does not contain any penalty, beyond notification by the Attorney General, for a jurisdiction's failure to adopt an ordinance. While generally a governing body cannot be compelled to exercise its discretion in legislative matters,[1] the common law writ of mandamus may be used to direct officials to perform their official duties.[2] It would appear, therefore, that a local government under the obligation to adopt an ordinance containing the safety precautions contained in the act, may be directed to carry out its official duty through a mandamus action.
AS TO QUESTION 2:
Section 3, Ch. 90-346, Laws of Florida, defines "convenience store," as used in the act, to mean
any place of business that is engaged in the retail sale of groceries, including the sale of prepared foods, and gasoline and services, that is regularly open for business at any time between the hours of 10 p.m. and 5 a.m., and that is attended during such hours by one employee. The term "convenience store" does not include a store which is solely or primarily a restaurant. The term "convenience store" does not include any store in which the owner and members of his family work in the store between the hours of 10 p.m. and 5 a.m.
Where the Legislature has provided those things upon which a statute is to operate, it is generally implied that the statute does not operate upon those things not mentioned.[3]
Furthermore, where a statute contains a definition of specific words used in the legislation, that definition is controlling.[4]
Section 8, Ch. 90-346, Laws of Florida, sets forth the limited preemption of the act. Specifically, a local government may not, after September 1, 1990, adopt any local ordinance imposing more stringent standards than those prescribed in the act. Ordinances adopted in the future, however, may require safety enclosures or any of the provisions of ss. 3, 4, 5, 6, or 7 of the act.[5]
When a controlling law directs how a thing shall be done, that is, in effect, a prohibition against its being done in any other way.[6]
Accordingly, any attempt by a municipality to alter the definition of "convenience store" so as to affect stores or retail establishments not contemplated by the act, would violate the prohibition against enacting more stringent ordinances than those prescribed in the act.[7]
AS TO QUESTION 3:
This office is not in the position to pass upon the constitutionality of a statute and must presume that duly enacted legislation is constitutional.[8] The "mom and pop" store exemption contained in s. 3, Ch. 90-346, Laws of Florida, therefore, is presumed to be constitutionally valid unless declared otherwise by a court of competent jurisdiction.
AS TO QUESTION 4:
Section 5(5), Ch. 90-346, Laws of Florida, provides that each convenience store located within a jurisdiction adopting an ordinance pursuant to the act shall "[p]rohibit window tinting on the windows of the establishment if such tinting reduces exterior or interior viewing during the hours of operation to which this act is applicable." The term "reduce" is not defined in the act.
Where a statute does not specifically define words of common usage, however, such words must be given their plain and ordinary meaning.[9] "Reduce" means "[t]o lessen in extent, amount, number, degree, price, or other quality; diminish."[10]
Given this meaning, it would appear that any tinting, regardless of degree, which results in diminishment of the ability to see through the windows between the hours of 10 p.m. and 5 a.m. would be prohibited.
AS TO QUESTION 5:
Section 7, Ch. 90-346, Laws of Florida, states:
Each local government subject to the provisions of this act shall adopt with its ordinance a noncompliance fee schedule of up to $5,000 for failure to meet the requirements of this act. If noncompliance with the ordinance is corrected within 10 days after receipt of written notice, no noncompliance fee shall be assessed. However, any owner or principle operator of a convenience store who willfully and deliberately violates the requirements of this act or who deliberately fails to initially implement the requirements of this act shall be required to pay to the local government, upon complaint filed by the local government, a civil fine of up to $5,000.
The Legislature has distinguished two circumstances in which an owner or principal operator of a convenience store may be penalized for not complying with the requirements of the act. There is a noncompliance fee of up to $5,000 to be imposed under the ordinance for failure, regardless of intent on the part of the storeowner or principal operator, to meet the requirements of the act. Furthermore, a local government may file a complaint subject to the act who willfully or deliberately violates the requirements of the act or deliberately fails to initially implement the requirements of the act, thereby making the owner or principal operator liable for payment of a civil fine of up to $5,000 to the local government.
If the noncompliance fee and the civil fine were intended to be one in the same, the legislature could have easily stated so. Rather, two separate penalties were set forth with the same monetary cap, but with different underlying acts which make the separate fee and fine operative.[11]
AS TO QUESTION 6:
Chapter 90-346, Laws of Florida, does not provide for exclusive jurisdiction in any specific court or enforcement board for the imposition of fines for violation of the local government's ordinance incorporating the requirements of the act. There is nothing in the act to indicate that prosecution of businesses in violation of a local ordinance implementing the act's requirements would be handled in a manner different than that used for any other ordinance violation/
Section 34.01(1)(b), F.S., places original jurisdiction in county courts for "all violations of municipal and county ordinances." Counties and municipalities have the option, however, to adopt, by ordinance, an alternate code enforcement system which gives code enforcement boards or special masters designated by the local governing body the authority to hold hearing and assess fines against violators of codes and ordinances.[12]
Thus, it would appear that the county court or a code enforcement board has the authority to impose civil fines for violation of an ordinance prescribing the requirements of the act.
AS TO QUESTION 7:
For those jurisdictions which have adopted a local government code enforcement board, s. 162.09, F.S., authorizes the imposition of administrative fines for noncompliance with an order of the board or for repeat violations. Specifically, however, a fine imposed pursuant to s. 162.09, F.S., "shall not exceed $250 per day for a first violation and shall not exceed $500 per day for a repeat violation."[13]
AS TO QUESTION 8:
As noted above, this office may not pass upon the constitutionality of a duly enacted statute.[14]
AS TO QUESTION 9:
It is the duty of this office to "appear in and attend to, in behalf of the state, all suits or prosecutions, civil or criminal or in equity, in which the state may be a party, or in anywise interested, in the Supreme Court and district courts of appeal of this state."[15] The duty of this office to represent the state, however, does not extend to the representation of local governments.[16] While not required to defend challenges to local ordinances enacted pursuant to state law, this office remains committed to offering informal legal advice when the need arises.
AS TO QUESTION 10:
There is no provision in the act which allows a local government to avoid implementing the security requirements by restricting the hours of operation of convenience stores falling within its scope. In AGO 90-94, this office concluded that the Convenience Store Security Act applies to all local jurisdictions in which death, serious injury, or sexual battery during the commission of a theft or robbery of a convenience store during the twelve months preceding the effective date of the act. Those jurisdictions subject to the act must pass an ordinance implementing its provisions within ninety days of the effective date of the act.[17]
Absent the requisite statutory direction, it is my opinion that local governments subject to the act may not institute security measures in lieu of passage of the prescribed ordinance.[18]
AS TO QUESTION 11:
Section 1(f), Art. VIII, State Const., in part, provides:
The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law, but an ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict.
Thus, a county ordinance may be enforced throughout the county, in both the incorporated and unincorporated areas, if it is not in conflict with an ordinance of a municipality.[19]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Hall v. Key, 476 So.2d 787 (1 D.C.A. Fla., 1985)
[2] See, Berens v. Cobb, 539 So.2d 24 (2 D.C.A. Fla., 1989).
[3] See, PW Ventures, Inc. V. Nichols, 533 So.2d 281
(Fla. 1988).
[4] See, Ervin V. Capital Weekly Post, Inc.,97 So.2d 464 (Fla., 1957) (statutory definition of a word is controlling and will be followed).
[5] The act is repealed December 31, 1991.
[6] See, Alsop v. Peirce, 19 So.2d 799 (Fla. 1944).
[7] See, City of Miami Beach v. Pocio Corp.,404 So.2d 1066, 1069 (3 D.C.A. Fla., 1981), petition for review denied,408 So.2d 1092 (Fla. 1981), stating that either preemption of a subject by the state or conflict with state law will invalidate a municipal ordinance and quoting Rinzler v. Carson, 262 So.2d 661
(Fla. 1972), for the proposition that "[a] municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden." See also, s. 166.021(3)(c), F.S., stating that a municipality may not enact legislation concerning any subject expressly preempted to state government by general law.
[8] See, AGO 78-64. Cf., Adams Packing Association, Inc. v. Florida Department of Citrus, 352 So.2d 569
(2 D.C.A. Fla., 1977).
[9] Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984).
[10] The American Heritage Dictionary of the English Language, New College Edition (1979), p. 1092.
[11] See, Ch. 90-346, Laws of Florida, which in title refers to provision for noncompliance fees and civil fines. Seealso, Parker v. State, 406 So.2d 1089 (Fla. 1981) (title of law enacting a statute may be used as an indicator of the Legislature's intent).
[12] Section 162.03, F.S.
[13] Section 162.09(2)(a), F.S.
[14] See, Speights v. State, 4145 So.2d 574 (1 D.C.A. Fla. 1982) (in giving effect to two potentially conflicting statutes, the last in point of order or arrangement prevails as the last expression of legislative intent). And see, Harley v. Board of Public Instruction of Duval County, 103 So.2d 111 (Fla. 1958) (special grant of power or special act of the Legislature takes precedence over a general grant or law on the same subject).
[15] Section 16.01(4), F.S. Cf., s. 111.07, F.S., authorizing any agency of the state, or any county, municipality, or political subdivision of the state to provide an attorney to defend any civil action arising from a complaint for damages or injury suffered as a result of any act or omission of any of its officers, employees, or agents.
[16] See, AGO 87-9, (Attorney General not required to represent a district medical examiner for alleged acts or omissions).
[17] Section 4, CH. 90-346, Laws of Florida. Section 10, Ch. 90-346, Laws of Florida, states September 1, 1990, as the effective date of the act.
[18] See, Alsop v. Pierce, supra (legislative directive as to how a thing shall be done is, in effect, a prohibition against its being done in any other way).
[19] See, AGO 73-477 (food service ordinance enforceable throughout the county to the extent it does not conflict with municipal ordinance).