623 So.2d 537 (1993)
Sherrill TURNER, Appellant,
v.
Harry K. SINGLETARY, Secretary, Department of Corrections, Appellee.
No. 91-3624.
District Court of Appeal of Florida, First District.
July 22, 1993.
Rehearing Denied September 29, 1993.
*538 Sherrill Turner, pro se.
Judy A. Bone, Asst. General Counsel, Dept. of Corrections, Tallahassee, for appellee.
SMITH, Judge.
Appellant challenges the denial of his petition for a writ of mandamus by which he sought to compel the Department of Corrections (DOC) to award incentive gain time based upon his contention that other similarly situated inmates received incentive gain time while he did not. The trial court, after receiving and considering the DOC's response, summarily denied the petition. We reverse and remand for evidentiary hearing with respect to the limited issue of disparate treatment of inmates similarly situated.
Section 944.275(4)(b), Florida Statutes (1991), provides in pertinent part:
(b) For each month in which a prisoner works diligently, participates in training, uses time constructively, or otherwise engages in positive activities, the department may grant up to 20 days of incentive gain-time, which shall be credited and applied monthly.
Subsection (7) of the same statute commands DOC to promulgate rules to implement the granting, forfeiture or restoration of gain time credit. As directed, DOC has enacted Rule 33-11.0065, F.A.C. Under the statute, DOC is granted broad discretion to award incentive gain time, and DOC's rule implementing this statute sets forth comprehensive guidelines and procedures to be followed by DOC's personnel in evaluating an inmate's eligibility for such gain time.
The granting or withholding of incentive gain time by DOC acting within the discretion conferred upon it by law, and pursuant to its duly promulgated rule, is not ordinarily reviewable by means of a petition for writ of mandamus filed in the circuit court. A writ of mandamus cannot be used to compel a public agency clothed with discretion to exercise that discretion in a given manner. Hall v. Key, 476 So.2d 787 (Fla. 1st DCA 1985). To show entitlement to a writ of mandamus, the petitioner must demonstrate a clear legal right to the performance of the act requested, an indisputable legal duty on the part of the respondent, and that no other adequate remedy exists. Id. at 788. A writ of mandamus is the means by which a clear legal right is enforced, and is not the appropriate procedure for the establishment of such a right. State v. Gamble, 339 So.2d 694 (Fla.2d DCA 1976), cert. denied, 345 So.2d 422 (Fla. 1977).
Nevertheless, as this court acknowledged in Hall v. Wainwright, 498 So.2d 670 (Fla. 1st DCA 1986), a petition for writ of mandamus may, in certain instances, be a proper remedy for review of DOC's denial of gain time. There we further explained:
While there is no automatic right to receive day-for-day work gain time, Dickinson v. Wainwright, 416 So.2d 40 (Fla. 1st DCA 1982), the procedures for awarding the gain time must be applied uniformly, Pettway v. Wainwright, 450 So.2d 1279 (Fla. 1st DCA 1984). This court has also held that since its jurisdiction to entertain direct appeals by prisoners from final orders of agencies has been eliminated, prisoners may seek their remedy in circuit court by way of a petition for an extraordinary writ.
Id. at 671.
In Pettway, cited in the above quote, we elaborated specifically upon DOC's discretion to award or not to award incentive gain time, stating:
While it is true that the statute is not mandatory and the DOC may deny incentive gain-time, the DOC must uniformly grant or deny incentive gain-time unless there is some justification and authority for classifying and treating some prisoners different from other prisoners.

450 So.2d at 1280 (emphasis added).
It is apparent from review of appellant's petition and DOC's response that DOC, for the most part, has operated under its established uniform procedures as encompassed within rule 33-11.0065(3)(d)1., the pertinent provisions of which read as follows:

*539 (d) Incentive gain time allows for a range of awards so that the inmate may be recognized for his individual effort.
1. Any inmate assigned full time to work, vocational or educational programs and rated overall "above satisfactory" shall be considered and may be awarded 1 to 8 days gain time. An inmate rated "outstanding" may be awarded 9 to 16 days gain time. An inmate may be awarded an additional 0 to 4 days gain time when involved in self-betterment programs and other positive activities including, but not limited to, Alcoholics Anonymous, Narcotics Anonymous and Jaycees.
Appellant's petition filed in the lower court is lacking in specificity with respect to the relevant time periods for which he complains of denial of gain time. However, from attachments to his petition which consist of several of his inmate requests and responses made during pursuit of his administrative remedies, we have determined that his complaints focus on the months of June and July, 1990. Since these are the only relevant periods of time at issue before the trial court, we reject and will not consider appellant's attempt to inject matters pertaining to other periods by argument and attachment of documents to his briefs filed in this court.
Contrary to appellant's assertions otherwise, an outstanding rating under the applicable rule only entitles an inmate to a range of 9 to 16 days of gain time. To earn 20 days, there must be an award of additional credit for participated in a self-betterment program. Appellant's petition contains no allegation that he participated in a self-betterment program in June and July of 1990. Thus, in this respect, his petition does not conclusively establish that DOC erred in its award of gain time or that he has a clear legal right to relief.
In response to appellant's inmate request in August 1990, DOC stated that appellant worked 13 days in June 1990 for which he received 11 days gain time, plus 2 additional days for program involvement. Thus, for June 1990, appellant received a total of 13 days incentive gain time credit. These awards are within the range specified in the above-quoted rule. Similarly, DOC's response indicated that in July 1990, appellant worked 16 days, which equated to 13 days work gain time, plus 2 additional days for program involvement, making a total of 15 days incentive gain time. Again, the awards are within the range specified by the rule.
Appellant also alleged in his petition below, and has argued on appeal, that he has been denied gain time credit for the time he was hospitalized or recovering from surgery, while other inmates similarly situated received full gain time credit. In its response filed below, DOC maintained that it could not identify certain inmates referred to by appellant in his petition as receiving favorable treatment, and as to others named by appellant, DOC denied that these other inmates received gain time as alleged by appellant. It thus appears that there are factual conflicts concerning the department's award of gain time for periods of medical disability. If appellant's allegations are correct, then he would appear to be entitled to reconsideration of denial of gain time credit for portions of June and July 1990, in the absence of a showing of some justification or authority for treating him differently from other prisoners similarly situated. From the record before us we are unable to conclude that DOC has made an adequate showing on this point.
Accordingly, we conclude that the petition and DOC's response do not conclusively establish that appellant is not entitled to relief, in part, as requested in his petition. As we did in Cridland v. Singletary, 605 So.2d 170 (Fla. 1st DCA 1992), we reverse and remand with directions that the trial court conduct an evidentiary hearing with respect to DOC's denial of credit for gain time while appellant was under medical disability or restrictions.
REVERSED and REMANDED.
ALLEN, J., concurs.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, dissenting.
The trial court correctly denied the petition since it fails to allege facts showing a clear legal right to the relief sought.