779 So.2d 591 (2001)
C.J., Petitioner,
v.
STATE of Florida, Respondent.
No. 2D99-3715.
District Court of Appeal of Florida, Second District.
February 16, 2001.
*592 Julianne M. Holt, Public Defender, and Marcia Perlin, Assistant Public Defender, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
C.J., the petitioner, seeks a writ of mandamus to compel the State to offer him a "Walker Plan" as outlined in Florida Rule of Juvenile Procedure 8.075.[1] The State offered a pretrial diversion plan to C.J. that took into account other provisions of rule 8.075, such as the requirement that the plan contain a stipulation that the speedy trial rule is waived, but it did not track the rule in all respects.
C.J. requests this court to order the State to remove some of the additional requirements from the offered plan. Specifically, the plan offered by the State would require C.J. to agree that if he violated the terms of the plan then he would enter a plea of guilty to the charges, thus giving up his right to an adjudicatory hearing.
The applicable standard for review of this issue was described by this court in Smith v. State, 696 So.2d 814, 815 (Fla. 2d DCA 1997):
Mandamus is a common law remedy used to enforce an "established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law." Puckett v. Gentry, 577 So.2d 965, 967 (Fla. 5th DCA), rev. denied, 591 So.2d 183 (Fla.1991). A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law. See Turner v. Singletary, 623 So.2d 537 (Fla. 1st DCA 1993).
A Walker Plan, in its pertinent part, is described as:
(b) Plan of Proposed Treatment, Training, or Conduct. After the filing of a petition and prior to the adjudicatory hearing, a plan of proposed treatment, training, or conduct may be submitted on behalf of the child in lieu of a plea. The appropriate agencies of the Department of Juvenile Justice or other agency as designated by the court shall be the supervising agencies for said plan and the terms and conditions of all such plans shall be formulated in conjunction with the supervising agency involved. The submission of a plan is not an admission of the allegations of the petition of delinquency.
If such a plan is submitted the procedure shall be as follows:
(1) The plan must be in writing, agreed to and signed in all cases by the state attorney, the child, and, when represented, *593 by the child's counsel, and, unless excused by the court, by the parents or custodian. An authorized agent of the supervising agency involved shall indicate whether the agency recommends the acceptance of the plan.
Fla. R. Juv. P. 8.075.
C.J. asserts that mandamus is applicable in this case because the State is required to comply with the laws and rules of Florida. However, even though rule 8.075(b)(1) requires the agreement of the state attorney for an offered plan to be submitted to the court, the rule does not require the state attorney to agree to any offered plan. Therefore, C.J. does not have the right to demand a particular offer by the State. Further, a defendant does not have the right to demand a specific plea bargain. See Fairweather v. State, 505 So.2d 653 (Fla. 2d DCA 1987).
It is ordered that the petition for writ of mandamus is denied.
PATTERSON, C.J., and ALTENBERND and NORTHCUTT, JJ., concur.
NOTES
[1] According to the Department of Juvenile Justice, the pretrial diversion plan authorized by Florida Rule of Juvenile Procedure 8.075(b) was originally developed by Pinellas County Circuit Judge Walker, hence the name "Walker Plan".