498 So.2d 670 (1986)
Jack Ray HALL, Appellant,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections; James T. Wainwright, Superintendent, Lawtey Correctional Institution; the State of Florida, Appellees.
No. BJ-232.
District Court of Appeal of Florida, First District.
December 12, 1986.
*671 Jack Ray Hall, pro se.
Jim Smith, Atty. Gen., Kurt Barch and Elizabeth L. Booth, Asst. Attys. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals the trial court's order dismissing his petition for writ of mandamus for failure to exhaust his administrative remedies. We affirm.
Appellant alleged different facts in his petition for writ of mandamus than he did in his grievance petition filed with the Department of Corrections. In the grievance petition, he alleged that he was entitled to additional gain time because (1) none of the officers complained about the quality of his work; (2) he never received a progress report; (3) no disciplinary actions were taken against him; and (4) had the officers known that a "satisfactory" rating would have prevented him from being awarded the gain time, they would have rated him differently. In his petition for writ of mandamus, he alleged that he was entitled to additional gain time because (1) David Osteen and Sergeant Bell told him he would receive day-for-day work gain time; (2) none of the officers complained about the quality of his work; (3) he received a progress report informing him that he was receiving day-for-day work gain time and that his work was rated outstanding; (4) his work performance was rated as satisfactory or above on all reports; and (5) he had no disciplinary reports during the interim. Since the above facts numbered (1), (3), and (4) were not alleged in the grievance petition, appellant has not exhausted his administrative remedies pursuant to the provisions of rule 33-3.07, Florida Administrative Code. Curry v. Wainwright, 422 So.2d 1029 (Fla. 1st DCA 1982).
We disagree with the state's contention that since the award of gain time is discretionary, a petition for writ of mandamus is an improper remedy. While there is no automatic right to receive day-for-day work gain time, Dickinson v. Wainwright, 416 So.2d 40 (Fla. 1st DCA 1982), the procedures for awarding the gain time must be applied uniformly, Pettway v. Wainwright, 450 So.2d 1279 (Fla. 1st DCA 1984). This court has also held that since its jurisdiction to entertain direct appeals by prisoners from final orders of agencies has been eliminated, prisoners may seek their remedy in circuit court by way of a petition for an extraordinary writ. Thomas v. Florida Parole and Probation Commission, 436 So.2d 349 (Fla. 1st DCA 1983); Hansen v. Florida Parole and Probation Commission, 436 So.2d 349 (Fla. 1st DCA 1983).
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.