PER CURIAM.
Petitioner filed a petition for writ of mandamus alleging that respondent refused to credit his sentence with time previously served, as ordered by the sentencing judge. The allegations of the petition, if true, showed that petitioner is presently under illegal constraint. Therefore, pursuant to Florida Rule of Appellate Procedure 9.040, the petition was treated as a petition for writ of habeas corpus and the state was ordered to show cause why the petition should not be granted. On consideration of the response, we conclude that petitioner’s sentence has expired, and we therefore grant the writ.
Petitioner was originally sentenced on April 17, 1984, in seven cases. His cumulative sentence totaled 20 years. As a result of a motion to correct sentences, all of the sentences were amended on February 21, 1986, to provide that they run concurrently. The longest sentence was seven years. Each of the amended sentences stated that it was with 1,383 days credit for time served. Petitioner alleged that the Department of Corrections (DOC) refused to apply the 1,383 days to the seven years, and if the credit was applied, petitioner’s sentence, including an unrelated consecutive nine month sentence, would have expired.
In issuing a show cause order, particularly one which will be responded to by the attorney general’s office, it is expected that some sort of meaningful response will be received. As an officer of the court, counsel has a duty to either concede the illegality of the petitioner’s incarceration, or show why the incarceration is legal. In this case, counsel did neither.
Instead, the response to the order to show cause was grossly insufficient and provided absolutely no assistance to this court in determining the merits of this cause. The entire substance of the response amounts to a statement that petitioner is currently serving a seven year sentence, imposed on February 21, 1986, to be followed by a nine month sentence, and that petitioner received 124 days jail time credit on the seven year sentence. The response did not include any documentation other than an affidavit signed by a DOC admissions and release administrator.
The affidavit also refers to the 124 days credit for time served, but fails to explain the source of that figure. Although the affidavit refers to a second amended sentence, nothing before us substantiates the existance of such. In fact, the affidavit is conflicting and confusing. The following paragraph purports to explain the calculations of the DOC:
This reduced Mr. Driggs’ [sic] overall sentence to seven (7) years with credit for 797 days county jail time served prior to sentencing. We awarded Mr. Driggs [sic] credit for all time served between April 19, 1984 and date of re-sentencing on February 21, 1986, for a total of 673 days in custody, plus 124 days of county jail time served prior to sentencing for a total of 797 days awarded by the court. The other six cases were not modified and we processed them as five (5) years with credit for 710 days county jail time served prior to sentencing, plus time in custody between April 19, 1984 and February 21, 1986, for a total of 673 which is the 1,383 days credit awarded by the court.
Considerable time was spent attempting to decipher the above paragraph with little satisfactory result. What is clear is that although the court awarded Mr. Diggs 1383 days of credit at the time the amended sentence was entered, the DOC did not apply that amount of days to the seven year sentence. Regardless of how the DOC construed the phantom “second amended sentence”, it is now well settled that when a defendant receives jail time credit on a sentence that is to run concurrently with other sentences, all of the other concurrent sentences must also reflect the credit for time served. Daniels v. State, 491 So.2d 543 (Fla.1986). The *414 amended sentences reflect the trial court s compliance with Daniels. The calculations of the DOC do not.
Because we have received no assistance from the Assistant Attorney General in this matter, we have made our own calculations as follows:
Maximum sentence as of February 21, 1986 is 7 years (2555 days) with credit for 1383 days served, for a subtotal of 1172 days from February 21, 1986.
Add approximately 270 days petitioner received as a consecutive sentence on an unrelated charge.
Subtract a total of 1401 days of gaintime awarded according to the respondent’s affidavit.
Add 80 days of forfeited gaintime.
Under these calculations, the total amount of time to be served from February 21, 1986 was approximately 121 days (2555 minus 1383, plus 270, minus 1401, plus 80 equals 121). Thus, petitioner’s sentence has long since expired, and he is entitled to immediate release.
Accordingly, the petition for writ of ha-beas corpus is granted, and the respondent is directed to release the petitioner forthwith.
BOOTH' C.J., and MILLS and THOMPSON JJ. concur.