590 So.2d 1034 (1991)
Edgar SEARCY, Appellant,
v.
Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, Appellee.
No. 91-02232.
District Court of Appeal of Florida, Second District.
December 13, 1991.
Rehearing Denied December 13, 1991.
Edgar Searcy, pro se.
Susan A. Maher, Florida Dept. of Corrections, Tallahassee, for appellee.
PER CURIAM.
Edgar Searcy appeals the denial of his petition for writ of mandamus and/or habeas corpus.[1] We reverse.
Searcy is serving a sentence for sexual activity with a child and lewd assault upon a child under age 16.[2] His petition alleges that the Department of Corrections, relying upon section 944.277(1), Florida Statutes (1990 Supp.), refuses to award him "provisional credits," notwithstanding the fact none of the exceptions contained within that statute properly apply to him.
The circuit court's order indicates that Searcy is excluded from eligibility for provisional credits by virtue of subsection 944.277(1)(c) of the statute, which the court found bars all persons "convicted or ... previously convicted of committing ... a lewd or indecent assault or act." While this language clearly would exclude Searcy from consideration, the language is taken from the statute as it existed prior to 1990. In 1990 the legislature amended subsection (c) to exclude persons:
[C]onvicted ... or previously convicted of committing, or attempting to commit sexual battery, incest, or any of the following lewd or indecent assaults or acts: masturbating in public; exposing the sexual organs in a perverted manner; or nonconsensual handling or fondling of the sexual organs of another person ...
Ch. 90-186, Laws of Fla. It would appear that a onetime blanket proscription against awarding provisional credits to persons convicted of lewd assault now has been narrowed to some extent by this rewording.[3]
We further find that the legislature intended to grant retroactive relief to at least *1035 some inmates previously excluded from consideration under section 944.277. Although section 4 of Ch. 90-186 provides that the amended statute shall apply "to offenses committed on or after October 1, 1990,"[4] section 3 of the same enactment provides that "[a] person who is convicted ... of committing prior to the effective date of this act a lewd or indecent assault specified in section 944.277(1)(c) ... is eligible for provisional credits" except as specifically described in the reworded subsection (emphasis added).
In its responsive pleadings in this court the Department of Corrections asserts that "Searcy's offense has been determined to be an excludable offense both before and after the 1990 amendment." However, we cannot determine from the record before us whether this is so. We hold only that summary denial of Searcy's petition, based on an application of the incorrect version of the appropriate statute, was error. Our decision is without prejudice to the Department to establish, after remand, that Searcy is ineligible for provisional credits. See, e.g., Dugger v. Grant, 587 So.2d 608 (Fla. 1st DCA 1991).
Reversed.
SCHOONOVER, C.J., and SCHEB and HALL, JJ., concur.
NOTES
[1] Mandamus in the circuit court where the prisoner is housed is the proper remedy to compel the award of gain time. Hall v. Wainwright, 498 So.2d 670 (Fla. 1st DCA 1986). However, Searcy also alleges that his sentence would have expired had gain time been properly awarded, so his resort to habeas corpus also would be proper. Diggs v. Department of Corrections, 503 So.2d 412 (Fla. 1st DCA 1987).
[2] Violations of §§ 794.041(2)(b) and 800.04(1), Fla. Stat. (1987), respectively.
[3] Section 944.277 contains a number of other exceptions, such as minimum mandatory sentences. Searcy asserts that none of the remaining exceptions apply, and all pleadings before this court are confined to discussions of subsection 944.277(1)(c).
[4] Searcy's offenses stem from 1988 or earlier.