637 So.2d 9 (1994)
Lewis Charles NEWSOME, Appellant,
v.
Harry K. SINGLETARY, Secretary, Florida Department of Corrections; Ronald Berry; Wayne Pass; Richard Chesser, Jr.; and Charles Rodriguez, Appellees.
No. 93-02655.
District Court of Appeal of Florida, Second District.
May 6, 1994.
*10 Lewis Charles Newsome, pro se.
Juana Maria Rojas of Juana Maria Rojas, P.A., Tampa, for appellee Singletary.
PER CURIAM.
This appeal arises from an order dismissing with prejudice a pro se "APPLICATION FOR WRIT OF HABEAS CORPUS AND APPLICATION FOR WRIT OF PROCESS UNDER RULE (1.630)." We reverse the order because we disagree with the trial court's conclusion that the application was an untimely complaint for common law certiorari.
On April 23, 1993, appellant Lewis Newsome, a prisoner, filed a pro se application for writ of habeas corpus and application for writ of process under Florida Rule of Civil Procedure 1.630. Newsome sought review of an adverse decision the State of Florida, Department of Corrections (DOC) rendered in a disciplinary action the DOC took against Newsome. Newsome contends that the DOC denied him his due process rights in the hearing procedures, which resulted in Newsome receiving thirty days' disciplinary confinement and a loss of ninety days' gain time.
Newsome also alleges that once he was released from disciplinary confinement, he obtained his personal property and found missing two sweatshirts, a gold chain, tennis shoes, and legal books. Newsome claims that after he began complaining about his missing property and alleged racial discrimination during confinement and the hearing, Newsome was reconfined in administrative confinement. He contends that he was not given an adequate reason for this confinement pursuant to the DOC rules and due process. Newsome continued in confinement until his transfer to Sumter Correctional Institution. He claims that no hearing was held in his presence before the transfer.
Newsome's application in the circuit court sought money damages, return of his personal property, and return of his gain time. The trial court treated the application as a complaint of common law certiorari because Newsome sought review of an adverse decision of the DOC, a governmental or administrative agency. The trial court found that the application was untimely filed and that the court had no jurisdiction, and thus, dismissed the application with prejudice.
Newsome's claim was not an untimely complaint for common law certiorari. First, his allegation of deprivation of personal property seeking money damages is not cognizable as a petition for an extraordinary writ. Newsome's potential remedy is through a separate civil action.
As to gain time, a prisoner must first exhaust administrative remedies. Since the courts' "jurisdiction to entertain direct appeals by prisoners from final orders of *11 agencies has been eliminated, prisoners may seek their remedy in circuit court by way of a petition for an extraordinary writ." Hall v. Wainwright, 498 So.2d 670, 671 (Fla. 1st DCA 1986). If a prisoner's sentence would have expired had the DOC properly awarded gain time, habeas corpus would be a proper remedy. Searcy v. Singletary, 590 So.2d 1034 n. 1 (Fla. 2d DCA 1991). Otherwise, "[m]andamus in the circuit court where the prisoner is housed is the proper remedy to compel the award of gain time." Searcy, 590 So.2d at 1034 n. 1. See Turner v. Singletary, 623 So.2d 537, 538 (Fla. 1st DCA 1993) (in certain instances, petition for writ of mandamus may be proper remedy for review of DOC's denial of gain time).
Newsome has not alleged that he would be entitled to immediate release but for the loss of gain time. Thus, if Newsome is entitled to any relief on the gain time issue, it would be by way of petition for writ of mandamus.[1] Thus, we reverse the trial court's order dismissing the application for lack of jurisdiction and remand for proceedings consistent with this opinion.
Reversed and remanded.
FRANK, C.J., and PATTERSON and FULMER, JJ., concur.
NOTES
[1] We note that the petition must be filed in the circuit court where the prisoner is housed. Searcy, 590 So.2d at 1034 n. 1.