PER CURIAM.
Betty Mayberry challenges the denial of her postconviction motion which alleges that she is entitled to release and that the Department of Corrections has erred in calculating her time served in prison, earned gain-time, jail time awaiting revocation of control release, and jail time awaiting her transfer back to the custody of the Department of Corrections based upon that revocation. She incorporates these, as well as time spent in jail awaiting trial on the charge for which she is confined, in a list of credits which purport to show that her release date has since passed. She fails to specify with any precision which of these entitlements has not been properly credited toward her sentence.
The trial court properly denied her motion. At the time of sentencing she was credited with 186 days jail time credit, and in her motion she asserts a claim for only forty-eight days. The balance of her allegations concern calculations for which the Department of Corrections is responsible. Relief to prisoners alleging deprivation of deserved gain-time is afforded by petition for writ of mandamus (or writ of habeas corpus if immediate release is alleged) in the circuit court in the county in which the prisoner is housed. Newsome v. Singletary, 637 So.2d 9 (Fla. 2d DCA 1994).
The trial court is affirmed without prejudice for the appellant to pursue alternate, appropriate remedies.
PARKER, Á.C.J., and PATTERSON and BLUE, JJ., concur.