706 So.2d 1373 (1998)
James D. ASHLEY, Appellant,
v.
Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, Appellee.
No. 97-1203.
District Court of Appeal of Florida, First District.
February 17, 1998.
Rehearing Denied March 24, 1998.
James D. Ashley, Pro Se.
Maryellen McDonald, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellee.
KUDER, Associate Judge.
As appellant did not file his Petition for Writ of Habeas Corpus or Alternatively Writ of Mandamus in the proper county, the circuit court properly denied his petition. See § 79.09, Fla. Stat. ("Before a circuit judge the [habeas corpus] petition and the papers shall be filed with the clerk of the circuit court of the county in which the prisoner is detained...."); Alachua Regional Juvenile Detention Ctr. v. T.O., 684 So.2d 814, 816 (Fla.1996) ("If a prisoner files a habeas corpus *1374 petition in circuit court, the petition must be filed in the circuit court of the county in which the prisoner is detained."); Lewis v. Florida Parole Comm'n, 697 So.2d 965, 966 (Fla. 1st DCA 1997) ("As long as appellant is incarcerated in the Tenth Judicial Circuit, only a court in that circuit has the power to entertain a petition for writ of habeas corpus, and therefore is the only court with territorial jurisdiction to adjudicate the merits of his claim."); Searcy v. Singletary, 590 So.2d 1034, 1034 n. 1 (Fla. 2d DCA 1991) ("Mandamus in the circuit court where the prisoner is housed is the proper remedy to compel the award of gain-time."). Accordingly, we affirm the circuit court's order without prejudice to appellant's right to file a petition for appropriate relief in the proper court. See Bush v. State, 545 So.2d 506 (Fla. 1st DCA 1989).
AFFIRMED.
MICKLE and LAWRENCE, JJ., concur.