719 So.2d 1260 (1998)
Glen A. ALDAY, Appellant,
v.
Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, Appellee.
No. 97-462.
District Court of Appeal of Florida, First District.
November 4, 1998.
*1261 Appellant pro se.
Robert Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Glen A. Alday, challenges an order of the circuit court denying his petition for writ of habeas corpus or, in the alternative, petition for audita querela. Alday is incarcerated in Avon Park, Florida, which is in Polk County and the Tenth Judicial Circuit. Alday filed his petition in the Twelfth Judicial Circuit in and for Manatee County. "If a prisoner files a habeas corpus petition in circuit court, the petition must be filed in the circuit court of the county in which the prisoner is detained." Alachua Regional Juvenile Detention Ctr. v. T.O., 684 So.2d 814, 816 (Fla.1996); see § 79.09, Fla. Stat. ("Before a circuit judge the [habeas corpus] petition and the papers shall be filed with the clerk of the circuit court of the county in which the prisoner is detained...."); Lewis v. Florida Parole Comm'n, 697 So.2d 965, 966 (Fla. 1st DCA 1997) ("As long as appellant is incarcerated in the Tenth Judicial Circuit, only a court in that circuit has the power to entertain a petition for writ of habeas corpus, and therefore is the only court with territorial jurisdiction to adjudicate the merits of his claim."); Finley v. State, 394 So.2d 215, 216 (Fla. 1st DCA 1981) ("Since appellant was detained in Highlands County at the time of the filing of the petition below, the petition should have been filed in the Circuit Court for Highlands County rather than the Circuit Court for Okaloosa County."); Ruiter v. Wainwright, 249 So.2d 67 (Fla. 2d DCA 1971) ("The petition should have been filed in the Circuit Court for Union County, in which Ruiter is in custody."). Alday thus did not file his petition in the proper court.
Instead of transferring Alday's petition to the proper court, i.e., the Tenth Circuit, the Twelfth Circuit transferred it to the Second Circuit. Because the petition should not have been in the Second Circuit, the trial court did not err in denying it. Accordingly, we affirm the trial court's order without prejudice to Alday's right to file an appropriate petition in the proper court. See Ashley v. Singletary, 706 So.2d 1373 (Fla. 1st DCA 1998); Bush v. State, 545 So.2d 506 (Fla. 1st DCA 1989). We also note that writs of audita querela have been abolished. See Fla. R. Civ. P. 1.540(b).
AFFIRMED.
ERVIN, MINER and KAHN, JJ., concur.