PER CURIAM.
Richard Doss timely petitions this court for a writ of certiorari to review an order of the circuit court denying his petition for writ of mandamus which challenged a disciplinary sanction imposed against Doss for disrespect to officials. In addition to denying relief, the circuit court certified the mandamus proceeding to be a frivolous action, authorizing the department to impose additional sanctions in accordance with section 944.279, Florida Statutes. We have jurisdiction, Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998), and, for the reasons set forth below, we grant the petition in part and deny it in part.[1]
The circuit court denied relief because it found the petition for writ of mandamus was untimely under section 95.11(8), Florida Statutes, and Florida Rule of Appellate Procedure 9.100(c)(4), which require the petition to be filed within 30 days of conclusion of the Department of Corrections’ administrative grievance process. However, the documents provided to this court in the appendix and Doss’s sworn statement reveal that the Secretary’s response was mailed to Doss on March 9, 1998, and the mandamus petition was given to prison officials for mailing on April 6, 1998. As *700 Doss was entitled to benefit of the “mailbox rule” in accordance with Haag v. State, 591 So.2d 614 (Fla.1992), we cannot agree with the circuit court’s conclusion that the mandamus petition was untimely.
However, we do agree that the challenges to the underlying disciplinary action were either procedurally barred because they were not raised in the administrative proceedings, Hall v. Wainwright, 498 So.2d 670 (Fla. 1st DCA 1986), or were of insufficient merit that we find no departure from the essential requirements of law in the circuit court’s decision to deny relief. In these circumstances, however, we are unable to ascertain whether the circuit court would have made a section 944.279 certification had it realized the mandamus petition was timely. Accordingly, we grant the petition in part, quash that portion of the circuit court’s order which certified the mandamus petition as frivolous pursuant to section 944.279, and remand with directions that the circuit court reconsider the certification in light of this opinion. The petition for writ of cer-tiorari is otherwise denied.
PETITION GRANTED IN PART AND DENIED IN PART.
ERVIN, BOOTH and BENTON, JJ., concur.

. Respondent’s argument that the petition for writ of certiorari was untimely is without merit. Haag v. State, 591 So.2d 614 (Fla.1992).