PER CURIAM.
Herbert Pinckney appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which alleges that he is entitled to relief under the supreme court’s decision in State v. Thompson, 750 So.2d 643 (Fla.1999). We affirm the trial court’s order on Pinckney’s claim that he is entitled to resentencing. Since Pinckney was sentenced as a habitual felony offender, he is not entitled to resen-tencing under Thompson because chapter 95-182, Laws of Florida, did not amend *484 the habitual felony offender designation. See Bernuth v. State, 25 Fla. L. Weekly D2211 (Fla. 2d DCA Sept. 13, 2000).
Pinckney also claims that he is now entitled to more gain time than he previously received. We do not address the merits of this claim because Pinckney must first present this claim through the administrative channels of the Department of Corrections. See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000). If Pinckney is not satisfied with the ruling of the Department, he can then file a petition for mandamus with the appropriate circuit- court. See Newsome v. Singletary, 637 So.2d 9 (Fla. 2d DCA 1994).
Affirmed.
BLUE, A.C.J., and NORTHCUTT and DAVIS, JJ., Concur.