883 So.2d 889 (2004)
Armando R. EASTMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D04-1893.
District Court of Appeal of Florida, Second District.
October 1, 2004.
*890 Armando R. Eastman, pro se.
Charles J. Crist, Jr., Attorney General, and Joy A. Stubbs Assistant Attorney General, Tallahassee, for Respondent.
KELLY, Judge.
Armando R. Eastman seeks certiorari review of the circuit court's denial of his petition for writ of mandamus, a proceeding that sought review of a decision by the Department of Corrections on a prison disciplinary matter that resulted in disciplinary confinement and forfeited gain time. We convert the proceeding to an appeal[1] and affirm, because the circuit court for Hillsborough County correctly determined that the petition for writ of mandamus was untimely filed. As a consequence of an incorrect decision by the circuit court in a county outside this district, reached before he sought review in Hillsborough County, Eastman may be foreclosed from ever receiving the judicial review of the ruling of the Department of Corrections he has pursued with diligence.
Following the exhaustion of his administrative remedies, Eastman filed a timely petition for writ of mandamus in the circuit court for Leon County, the appropriate venue for such an action. See Stovall v. Cooper, 860 So.2d 5 (Fla. 2d DCA 2003). The circuit court in Leon County, however, dismissed the petition for lack of jurisdiction, relying on the supreme court's decision in Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). In so ruling, the Leon County Circuit Court reasoned that Eastman's gain time challenge is analogous to a collateral challenge to a sentence and that the claim must be raised in the sentencing court.
Instead of appealing the dismissal, Eastman presumed the decision was legally correct; he then initiated a mandamus proceeding in the county in which he was sentenced, Hillsborough County. By this time his petition in Hillsborough County had two defects: First, it was untimely pursuant to section 95.11(8), Florida Statutes (2003), which became the basis for its eventual dismissal; and second, Hillsborough County was not a proper venue in which to raise the matter. The only circuit courts with proper venue to consider Eastman's claim were those in Leon County, the headquarters of the Department of Corrections, Stovall, 860 So.2d at 7, and in the county of his confinement, which at no pertinent time was Hillsborough County.[2]
*891 Eastman's was not the only mandamus petition filed by a prisoner in Leon County that was dismissed based upon the circuit court's reading of Schmidt. Lance Burgess suffered a dismissal of his petition for writ of mandamus. Instead of following the direction from the circuit court as did Eastman, however, Burgess sought review in the First District and prevailed. Burgess v. Crosby, 870 So.2d 217 (Fla. 1st DCA 2004). The First District held that a challenge to a forfeiture of gain time does not constitute a collateral challenge to a sentence and reversed the Leon County Circuit Court's dismissal of the mandamus proceeding.
That the First District has now inferentially determined that the Leon County Circuit Court's treatment of Eastman's petition was also erroneous may provide Eastman little solace at this point. He failed to pursue appellate review of the defective circuit court order from Leon County and now finds himself time-barred to seek review once again in Leon County or the county of his confinement. Whether he can fashion a sufficient motion pursuant to Florida Rule of Civil Procedure 1.540 that would persuade the circuit court in Leon County to vacate its erroneous order of dismissal and entertain the mandamus petition on its merits at this time is not a matter before us.
Our jurisdiction is limited to reviewing the circuit court order from Hillsborough County that dismissed Eastman's claim as time-barred. While venue did not lie in Hillsborough County, there was no absence of jurisdiction to entertain the petition. The circuit court reached the correct result when it dismissed the petition as untimely filed.
Affirmed.
ALTENBERND, C.J., and FULMER, J., Concur.
NOTES
[1] Had the circuit court ruled upon Eastman's petition for writ of mandamus on its merits, certiorari review would be appropriate. See Sheley v. Fla. Parole Comm'n, 720 So.2d 216 (Fla.1998). When the circuit court disposes of such a petition on grounds other than upon the merits, appeal is the proper avenue for review. See Green v. Moore, 777 So.2d 425 (Fla. 1st DCA 2000).
[2] In Stovall v. Cooper, 860 So.2d 5 (Fla. 2d DCA 2003), this court determined that the Department of Corrections properly invoked its home venue privilege and that the circuit court in the county in which the prisoner was housed, Polk, improperly denied the Department's motion for change of venue. While Stovall does not precisely articulate this, nothing in that opinion should be read to suggest that Polk County was an improper venue. The decision simply holds that the circuit court erred in failing to grant the Department's motion to change the venue to the locale of its headquarters, Leon County.