888 So.2d 154 (2004)
Raymond RUIZ, Appellant,
v.
James CROSBY, Jr., Secretary, etc., Appellee.
No. 5D04-1499.
District Court of Appeal of Florida, Fifth District.
December 3, 2004.
Raymond Ruiz, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant *155 Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Raymond Ruiz seeks review of an order of the circuit court that dismissed his petition for writ of mandamus and/or motion to compel, filed pursuant to Florida Rule of Civil Procedure 1.630. We affirm without prejudice.
Ruiz is incarcerated by the Florida Department of Corrections ("department") at the Jackson Correctional Institute in Malone, Florida, which is in the Fourteenth Judicial Circuit. He filed his petition for writ of mandamus and/or motion to compel in the Circuit Court of the Seventh Judicial Circuit in and for Putnam County, Florida, because he was adjudicated and sentenced there. The trial court dismissed his petition and motion finding that it lacked jurisdiction. The trial court wrote "mandamus relief is not available in this court since the petitioner is presently incarcerated at the Jackson Correctional Institution in Malone, Florida. A Petition for Writ of Mandamus should be filed in the county where the prisoner is housed. Stovall v. Cooper, 860 So.2d 5 (Fla. 2d DCA 2003)." (emphasis supplied). After reviewing Stovall, we find that the trial court misread its holding.
In Stovall, the appellant, an inmate at Polk Correctional Institution, filed a complaint against two department employees in Polk County, alleging that they had violated his constitutional rights. Id. at 6-7. The trial court granted the department's motion to transfer venue to Leon County where the department maintains its headquarters. Id. at 7. In affirming, the district court wrote:
Accordingly, we recede from our early decisions to the extent that they hold venue in a mandamus proceeding lies in the county where the prisoner is housed, and we affirm the trial court's order transferring venue to Leon County.

Id. at 9. (emphasis supplied).
In the instant case, the trial court was correct that the petition was improperly filed in the Seventh Judicial Circuit. However, the trial court erred when it ruled that the petition had to be filed in the county where Ruiz is incarcerated. In Florida Dept. of Children and Families v. Sun-Sentinel, Inc., 865 So.2d 1278 (Fla.2004), the supreme court held that a trial court must apply the home venue privilege of a state agency, unless one of the exceptions to the rule is satisfied. Id. at 1288. The proper venue for Ruiz's petition for mandamus is Leon County in the Second Judicial Circuit because the department is headquartered in Leon County, and trial courts are bound to apply the department's privilege. Id. Burgess v. Crosby, 870 So.2d 217 (Fla. 1st DCA 2004); Jacksonville Elec. Authority v. Clay County Utility Authority, 802 So.2d 1190 (Fla. 1st DCA 2002). See also Davidson v. Crosby, 883 So.2d 866 (Fla. 1st DCA 2004); Stovall, 860 So.2d at 9.
We affirm the dismissal without prejudice for Ruiz to file a petition for writ of mandamus in Leon County.
AFFIRMED.
SHARP, W., and GRIFFIN, JJ., concur.