968 So.2d 119 (2007)
Walter CUNNINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1440.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Walter Cunningham appeals the denial of a rule 3.800(a) motion in which he sought the reinstatement of jail credit originally awarded at sentencing. This was his second rule 3.800(a) motion seeking this credit. The first motion was denied, and on appeal, this court affirmed without prejudice for appellant to exhaust his administrative remedies with the Department of Corrections (DOC) and then petition the circuit court for a writ of mandamus. Cunningham v. State, 932 So.2d 1202 (Fla. 4th DCA 2006). We again affirm because the trial court did not enter an order changing the original sentence.
On April 1, 2004, Cunningham was sentenced to five years in prison for grand theft and to a consecutive term of four years in prison for burglary of a structure. The transcript reflects that, at the prosecutor's request, the trial court awarded appellant 261 days credit for time served on each count, and the written sentence is consistent with the oral pronouncement.
After he began serving his prison sentence, DOC contacted the trial court and asked for clarification regarding the credit for time served. In response, the predecessor judge wrote a short letter stating that the sentences were consecutive and Cunningham was entitled to have the 261 days credit deducted from his total sentence only once. The letter was written more than two months after the sentence was imposed.
Cunningham has since filed two motions to correct an illegal sentence arguing that the trial court no longer had jurisdiction to change his sentence and that the revocation of this jail credit constitutes a double jeopardy violation. See Wheeler v. State, 880 So.2d 1260 (Fla. 1st DCA 2004). He acknowledges that if the judge did not originally give him credit for time served on both counts, he would have no grounds to argue that he was entitled to this credit based on Hodgdon v. State, 789 So.2d 958 (Fla.2001). But, even if the original award was improper, the judge could no longer change the amount of credit. Wheeler, supra at 1261. In response to this court's previous opinion, Cunningham argued that pursuing administrative remedies with *121 DOC is not a realistic option because DOC is following the trial court's letter which instructed DOC to take away this credit.
Although the state takes a contrary position on appeal, the transcript reflects that the prosecutor agreed to have the credit granted on each count at sentencing.
We agree with appellant that the trial court had no jurisdiction to sua sponte reduce the amount of jail credit more than two months after sentencing. However, no new order was entered in this case. The judge's letter to DOC was a nullity and it had no legal affect on appellant's sentence. The letter was contrary to the oral pronouncement and the written sentence, and appellant was not given notice or an opportunity to be heard. DOC cannot treat the letter as a modification of appellant's sentence. If DOC refuses to give effect to the original sentencing order, then appellant can file a petition for writ of mandamus in the Second Judicial Circuit in Leon County. Bush v. State, 945 So.2d 1207 (Fla.2006); Pugh v. State, 954 So.2d 1254 (Fla. 4th DCA 2007); Ruiz v. Crosby, 888 So.2d 154 (Fla. 5th DCA 2004); see also Rood v. State, 790 So.2d 1192 (Fla. 1st DCA 2001) (recognizing that DOC does not have authority to reject credit specifically ordered by the trial court as part of the sentence).
Affirmed as Modified.
SHAHOOD, C.J., HAZOURI and MAY, JJ., concur.