PER CURIAM.
Richard Elbert appeals an “Order Removing Prison Credit” entered by the trial court on July 10, 2009. We reverse because the court lacked jurisdiction to enter the order and the order violates Elbert’s double jeopardy rights.
This proceeding was initiated in June 2009 with the State’s filing of a Request for Order Removing Prison Credit in three cases that originated in 1991. Elbert was sentenced in 1993 to true split sentences of twenty-five years, suspended after five, with the remainder to be served on supervision. After his release from prison, he violated his supervision, entered pleas to the violations, and was sentenced to concurrent terms of twenty years in prison in April 1995. Although the trial court did not orally announce that Elbert was being given prison credit for the original sentences, the 1995 sentencing documents show the block checked for Prison Credit, indicating: “It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resen-tencing.”
In its Request for Order Removing Prison Credit, the State argued that the Department of Corrections was misinterpreting case law in calculating Elbert’s release date and it asked the trial court to enter an order “removing the prison credit from the original sentencing orders.” The trial court granted the State’s request and entered the July 2009 order under review. The order states that Elbert is not to receive credit for the prison time he served on his initial sentences toward the twenty-year sentences he received in April 1995 and “that the provisions, on the original sentencing orders, providing for credit for prison time, are to be removed.” Elbert then sought review in this court, asserting that the lower court’s order was void, illegal, and unenforceable. We agree.
The State’s motion seeking an order removing Elbert’s prison credit was unauthorized. See, e.g., Linnon v. State, 988 So.2d 70, 72-73 (Fla. 2d DCA 2008) (discussing the State’s authority to file a motion to modify sentence under Florida Rule of Criminal Procedure 3.800). The trial court lacked jurisdiction to enter the order. See Cunningham v. State, 968 So.2d 119, 121 (Fla. 4th DCA 2007) (“[T]he trial court had no jurisdiction to sua sponte reduce the amount of jail credit more than two months after sentencing.”). *190 The trial court violated Elbert’s double jeopardy rights when it entered its order to alter the sentence by removing the prison credit. See Stang v. State, 24 So.3d 566, 569 (Fla. 2d DCA 2009) (“[A] trial court may not rescind jail credit that was previously awarded, even if the initial award was improper, because such an action violates double jeopardy.”); Delemos v. State, 969 So.2d 544, 547-51 (Fla. 2d DCA 2007) (discussing generally the double jeopardy prohibition against multiple punishments for the same offense). We therefore reverse the order of July 10, 2009, and remand with directions to the trial court to reinstate the April 1995 sentences.
Reversed and remanded with directions.
WHATLEY, KELLY, and WALLACE, JJ., Concur.