CLARK, J.
 

 Appellant challenges the trial court’s summary dismissal of his complaint for writ of habeas corpus. Because the complaint was facially sufficient to state a
 
 pri-ma facie
 
 case for relief, the order of dismissal is reversed and remanded for the issuance of an order requiring a response from the Department of Corrections and further action as warranted by the record.
 

 As explained in
 
 Bard v. Wolson,
 
 687 So.2d 254 (Fla. 1st DCA 1996), the rules of procedure applicable to petitions for the extraordinary writ of habeas corpus are set out in chapter 79, Florida Statutes, and rule 1.630, Florida Rules of Civil Procedure. If the complaint states
 
 prima facie
 
 grounds for relief, the trial court must issue the writ, requiring a response from the detaining authority. § 79.01, Fla. Stat.; Fla. R. Civ. P. 1.630(d)(5).
 

 In order to state a
 
 prima facie
 
 case for a writ of habeas corpus, the complaint must allege: 1) that the petitioner is currently detained in custody; and show 2) “by affidavit or evidence probable cause to believe that he or she is detained without lawful authority.” § 79.01, Fla. Stat.
 
 See also Smith v. Kearney,
 
 802 So.2d 387, 389 (Fla. 4th DCA 2001) (“To show a
 
 prima facie
 
 entitlement to habeas relief, the petitioner must show that he is ‘unlawfully deprived of his liberty and is illegally detained against his will.’ ”).
 

 The determination of whether a complaint for the writ of habeas corpus states a
 
 prima facie
 
 case for relief takes place at the earliest stage of the proceedings when the record consists of only the complaint itself. The writ of habeas corpus “is a writ of inquiry and is issued to test the reasons or grounds of restraint and detention.”
 
 Santana v. Henry,
 
 12 So.3d 843, 846 (Fla. 1st DCA 2009). While the advent of alternative remedies, such as rule 3.850, Florida Rules of Criminal Procedure, has curtailed the common law
 
 pri-ma facie
 
 case for the extraordinary writ to allegations of a situation where “the law does not otherwise provide an adequate mechanism to obtain relief from illegal detention, ... the writ remains available for the rare case in which a prisoner has been provided no adequate or effective way to test the legality of his or her ‘detention’ despite the procedures in rule 3.850.”
 
 Valdez-Garcia v. State,
 
 965 So.2d 318, 321 (Fla. 2d DCA 2007). Thus, the propriety of the trial court’s dismissal of a habeas corpus complaint depends upon the particular allegations of the complaint and any attachments.
 

 In this case, the complaint alleged facts to establish that appellant is currently detained by the Department of Corrections.
 

 The second element of a
 
 prima fa-cie
 
 case — sworn allegations that the prisoner is detained without lawful authority— is satisfied in the complaint as well. The complaint was under oath pursuant to section 92.525, Florida Statutes. Contrary to the trial court’s findings in its order dismissing the complaint, appellant did not collaterally attack the original judgment and sentence as contemplated under rule 3.850, Florida Rules of Criminal Procedure. Instead, the appellant acknowledged that he was incarcerated in 1993 under a 20-year sentence. He does not allege that the sentence was invalid or illegal, but states that he was released in 2008 because “the fact of the matter is that he COMPLETED his court imposed sentence.”
 

 Expiration of a 20-year sentence after only 15 years is not impossible, due to gain time awards and other credits a prisoner might be awarded during the service of the sentence. It is also possible that the De
 
 *859
 
 partment has lawful authority to detain the appellant due to his violation of conditions imposed upon his release in 2008 and the effect such violation might have had upon the calculation of the expiration of his sentence. However, the determination of whether the complaint states a
 
 prima facie
 
 case for habeas corpus relief is limited to the allegations of the complaint because the complaint constitutes the only record material before the trial court. While the Department’s answer brief contains additional facts, these facts were not presented to the trial court, not contained in the record, and thus not properly considered by this court in reviewing the trial court’s order. Fla. R. App. P. 9.200 (record consists of materials filed in lower tribunal);
 
 See also Locker v. United Pharm. Group, Inc.,
 
 46 So.3d 1126 (Fla. 1st DCA 2010) (for determination of motion to dismiss, trial court limited to 4 corners of complaint);
 
 McKinney-Green, Inc. v. Davis,
 
 606 So.2d 393 (Fla. 1st DCA 1992) (appellate court reviews dismissal of complaint with same standard as trial court-i.e., appellate court accepts factual allegations of complaint as true).
 

 The plausible allegation that the appellant’s sentence has expired is sufficient to state a
 
 prima facie
 
 case for habeas corpus.
 
 See, Diggs v. Dep’t of Corrections,
 
 503 So.2d 412 (Fla. 1st DCA 1987) (writ granted where maximum sentence expired). The order dismissing the complaint is REVERSED and the cause REMANDED for the entry of an order requiring the Department to “certify to the cause of the detention,” as described by section 79.04, Florida Statutes, and for further proceedings by the trial court.
 

 VAN NORTWICK and LEWIS, JJ„ concur.