# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-0850
LT Case No. 2022-CA-00529

———————————————

ROBERT JONES a/k/a OBADYAH
BARAQ YISRAEL,

      Appellant,

      v.

STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS and FLORIDA
COMMISSION ON OFFENDER
REVIEW,

      Appellees.

———————————————

On appeal from the Circuit Court for Sumter County.
Michelle T. Morley, Judge.

Robert Jones, a/k/a Obadyah Baraq Yisrael, Bushnell, pro se.

Alex Arthur Christiano, Assistant General Counsel, Florida
Commission on Offender Review, Tallahassee, for Appellee.

Ashley Moody, Attorney General, and Sheron Wells, Assistant
Attorney General, Tallahassee, for State of Florida Department of
Corrections, Appellee.

July 26, 2024

PER CURIAM.

Appellant, Robert Jones a/k/a Obadyah Baraq Yisrael, challenges the lower court's summary denial of his petition for writ of habeas corpus, filed under oath, and the dismissal of his motion for rehearing of same.

Appellant is serving a forty-year sentence. In June 1994, he entered a plea of guilty to three counts of second-degree murder and one count of attempted first-degree murder, all life felonies. He was sentenced to forty years for each of the second-degree murder charges and five years for the attempted first-degree murder charge, all sentences to run concurrently.

Appellant was released from custody in February 2019, after serving approximately twenty-six years of his forty-year sentence.

Fifteen months later, in May 2020, Appellant was arrested during a routine traffic stop and charged with possession of a firearm by a convicted felon and unlicensed carrying of a concealed firearm. The arresting officer noted Appellant's convictions in the arrest report and that he was "on probation for 2nd Degree Murder." Appellant was returned to state prison.

In October 2022, Appellant filed a sworn Petition for Writ of Habeas Corpus in the lower court, claiming he was being illegally detained after wrongfully being found a conditional release violator (the "Petition"). He claimed he had been subject to a forty-year sentence and was released after completing "the overall 40 years negotiated expired sentence with basic and incentive gain time with other credits," and was not subject to conditional release. Appellant attached as exhibits to the Petition copies of the 1994 judgments and sentences; a calculation of time served, including gain time; the May 2020 traffic citation and arrest report; the Information filed by the State for the May 2020 arrest; and the Jacksonville Sheriff's Office Inmate Charge Summary showing he was charged with (1) possession of a weapon, and (2) violation of probation or community control.

The lower court summarily dismissed the Petition, finding that Appellant failed to demonstrate that he was being illegally

2

detained and failed to attach documents associated with his conditional release. Appellant's motion for rehearing was denied.

If a complaint—or, as in this case, a petition—for a writ of habeas corpus states *prima facie* grounds for relief, the trial court must issue the writ, requiring a response from the detaining authority. § 79.01, Fla. Stat. (2022); Fla. R. Civ. P. 1.630(d)(4) and (e).

To show a *prima facie* case for a writ of habeas corpus, the petitioner must allege (1) that the petitioner is currently detained in custody; and show (2) "by affidavit or evidence probable cause to believe that he or she is detained without lawful authority." § 79.01, Fla. Stat. *See also Quarles v. State*, 56 So. 3d 857, 858 (Fla. 1st DCA 2011).

Here, both prongs of the test are met. Appellant alleged facts to establish that he is currently detained by the Department of Corrections and alleged by his petition—which was under oath— that he completed his sentence with basic and incentive gain time and was not subject to conditional release.

Because the petition was facially sufficient to state a *prima facie* case for relief, the order of dismissal is REVERSED and the cause REMANDED for the entry of an order requiring the Department of Corrections to "certify to the cause of the detention," as described by section 79.04, Florida Statutes, and for further proceedings by the trial court.

REVERSED and REMANDED with instructions.

EISNAUGLE, KILBANE, and MACIVER, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

3