# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1746
_____

WAYNE A. ADAMS,

    Appellant,

    v.

RICKY D. DIXON, Secretary,
Florida Dept. of Corrections, and
C. MAIORANA, Facility Admin.,

    Appellees.

_____

On appeal from the Circuit Court for Santa Rosa County.
Clifton A. Drake, Judge.

April 23, 2025

PER CURIAM.

Appellant challenges the dismissal, by the circuit court in Santa Rosa County, of his petition for a writ of habeas corpus on grounds that the complaint[1] failed to state a prima facie case for the extraordinary writ. Appellant requested an order compelling the Department of Corrections to "take Petitioner to a vascular surgeon" for particular testing, evaluation, and treatment. The dismissal was "without prejudice" to Appellant's "right to seek

---

[1] Under rule 1.630(b), Florida Rules of Civil Procedure, the initial proceeding for an extraordinary writ "must be a complaint."

appropriate relief regarding his medical treatment" while in the custody of the Department.[2]

We have noted that "[a] dismissal need not be with prejudice to be a final order for appeal purposes." *James v. Crews*, 132 So. 3d 896, 897 (Fla. 1st DCA 2014) (alteration in original) (citations omitted). If a dismissal is "without prejudice" to file another action, rather than to file an amended complaint, the order is an appealable final order. *See Carlton v. Wal-Mart Stores, Inc.*, 621 So. 2d 451, 452 (Fla. 1st DCA 1993). Because Appellant is no longer detained in Santa Rosa County, the circuit court in that county no longer has territorial jurisdiction to issue a writ of habeas corpus. *See Alday v. Singletary*, 719 So. 2d 1260, 1261 (Fla. 1st DCA 1998); *see also* § 79.09, Fla. Stat. Under these circumstances, we find the order dismissing Appellant's complaint for a writ of habeas corpus "without prejudice to seek appropriate relief" to be an appealable final order.

On appeal, Appellant argues that the circuit court's dismissal must be reversed because his complaint stated a cause of action and required the court to issue a writ requiring the Department to respond. *See* § 79.01, Fla. Stat.; Fla. R. Civ. P. 1.630(d)(4)–(e); *Jones v. Dep't of Corrs.*, 390 So. 3d 1272, 1273 (Fla. 5th DCA 2024). But we agree with the circuit court that the complaint failed to state a prima facie case for a writ of habeas corpus.

As we stated in *Quarles v. State*, 56 So. 3d 857, 858 (Fla. 1st DCA 2011):

> In order to state a *prima facie* case for a writ of habeas corpus, the complaint must allege: 1) that the petitioner is currently detained in custody; and show 2) "by affidavit or evidence probable cause to believe that he or she is detained without lawful authority." § 79.01, Fla. Stat. *See also Smith v. Kearney,* 802 So.2d 387, 389 (Fla. 4th DCA 2001) ("To show a *prima facie* entitlement to habeas relief, the petitioner must show that he is

---

[2] Appellant is in the custody of the Department serving the sentence entered in *State v. Adams*, Case No. 2020 CF 001143 (Fla. 5th Cir. Ct., Citrus Cnty.)

'unlawfully deprived of his liberty and is illegally detained against his will.'").

Appellant's complaint did not allege that he was unlawfully deprived of his liberty or illegally detained by the Department. And the circuit court did not err by failing to construe Appellant's complaint as seeking different relief, such as a writ of mandamus, to compel the Department to provide Appellant specific medical treatment by a specialized physician. This is because a court has no authority to issue a writ of mandamus compelling particular medical treatment. *See Forney v. Crews*, 112 So. 3d 741, 743 (Fla. 1st DCA 2013); *see also Alqawasmeh v. State*, 328 So. 3d 321, 323 (Fla. 2d DCA 2021) (under separation of the powers doctrine, Florida courts "wholly lack authority to direct the treatment and placement of prisoners serving sentences in the custody of the Florida Department of Corrections.").

The order dismissing Appellant's complaint for a writ of habeas corpus without prejudice to his right to seek "appropriate relief" is affirmed.

AFFIRMED.

OSTERHAUS, C.J., and ROBERTS and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Wayne A. Adams, pro se, Appellant.

Kelly R. Forren, Assistant General Counsel, Florida Department of Corrections, Tallahassee, for Appellees.