PER CURIAM.
Robert Reed appeals the summary denial of his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand because the attachments to the trial court’s order of denial fail to refute his claim that his attorneys promised him that he would receive the same guidelines sentence that his codefendant had received, and that he would not have entered a guilty plea but for the promise.
Neither of the attached record excerpts — a transcript of the plea colloquy and the waiver of rights form Appellant signed — indicated that Appellant was aware of the maximum possible sentence when he entered his plea. The latter indicates Appellant was not promised anything concerning his eligibility for early release, but does not state that no one made him any other promises concerning his sentence. The sentencing transcript reflects Appellant asked counsel to withdraw his plea as soon as the court announced it was sentencing him to twenty years as a habitual offender.
*533 Postconviction relief in the form of leave to withdraw a plea can be granted on the basis of counsel’s misrepresentation about the length of a sentence. See State v. Leroux, 689 So.2d 235, 236 (Fla.1996). If true, a claim that counsel promised a more lenient sentence than the one actually received could justify withdrawal of the plea. See McLendon v. State, 502 So.2d 101 (Fla. 2d DCA 1987). The state’s showing that Appellant knew the state sought to habitualize him did not refute the claim.
Therefore, the order of summary denial is reversed and the cause is remanded for an evidentiary hearing or the attachment of portions of the record that conclusively refute Appellant’s claim.
STONE, C.J., and DELL and SHAHOOD, JJ., concur.