797 So.2d 613 (2001)
Michael VERRONE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D01-1229, 1D01-1556.
District Court of Appeal of Florida, First District.
October 9, 2001.
*614 Michael Verrone, pro se, for Appellant.
Robert A. Butterworth, Attorney General; Anne C. Toolan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Michael Verrone, the appellant, seeks review of two orders granting and denying his request for jail credit. The appeal of these orders were consolidated. We dismiss the appeal of the order granting the appellant's requested relief for lack of jurisdiction. We affirm the order denying his request for jail credit.
On March 13, 2001, the appellant filed a rule 3.800 motion seeking jail credit in two criminal cases. On March 16, 2001, the trial court granted the motion and amended the appellant's sentence to reflect additional jail credit. The appeal of this order is our case number 1D01-1229. As the appellant received the relief requested, the appeal is dismissed for lack of jurisdiction. See § 924.066(2), Fla. Stat. (2000) (requiring an adverse ruling by the trial court before a prisoner may seek an appeal).
On March 27, 2001, the appellant filed a second motion again seeking jail credit for the two cases above and also for a third case. The trial court denied the motion, and this appeal is our case number 1D01-1556. The trial court correctly denied relief as to the appellant's third case.[1] The record reflects that the appellant received the exact number of days to which he claims entitlement.
The appellant also claims that the Department of Corrections miscalculated his jail credit under section 921.161, Florida Statutes (2000). The appellant must exhaust his administrative remedies, however, before seeking a remedy with the judicial system. See Rood v. State, 790 So.2d 1192 (Fla. 1st DCA 2001). Accordingly, we affirm the denial of relief without prejudice to the appellant to seek administrative relief.
DISMISSED in part; AFFIRMED in part.
MINER, LEWIS and POLSTON, JJ., concur.
NOTES
[1] Although the trial court did not have jurisdiction to address entitlement to credit in the appellant's 1997 and 1999 cases as the appellant had already appealed the March 16, 2001 order, it did not rule on the issue. The trial court merely stated that it had previously granted the appellant's first motion and amended the appellant's sentence to reflect the appropriate credit.