932 So.2d 1202 (2006)
Walter James CUNNINGHAM, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1743.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
*1203 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
Cunningham appeals the denial of his rule 3.800(a) motion to correct illegal sentence. Therein, Cunningham claimed the lower court illegally increased his sentence by removing 261 days of jail credit after he began serving his sentence. Upon review of the record, we affirm the denial of the motion without prejudice to Cunningham seeking administrative remedies through the Department of Corrections (DOC) and filing a petition for writ of mandamus if no relief is forthcoming after exhausting his administrative remedies.
The sentencing court, after accepting guilty pleas on two counts, imposed a five-year prison term and a consecutive four-year prison term. The oral pronouncement was made on April 1, 2004. Cunningham had served 261 days in jail prior to this date, and in the written sentencing orders, the judge awarded 261 days of jail credit for each count.[1] On May 27, 2004, the DOC contacted the judge to inquire about the apparent error in double jail credits, and the judge responded by letter that the sentence should include just 261 days of jail credit. At no time did the judge issue any order correcting, modifying, or altering the sentence originally imposed. Thus, appellant must challenge the DOC's interpretation of the sentence. To *1204 do so, appellant must first seek his administrative remedies. See generally Smith v. State, 785 So.2d 1237, 1237 (Fla. 4th DCA 2001) ("Any complaint Appellant has concerning how the Department interprets his sentences must be addressed by filing an administrative complaint with the [D]epartment, and then, if necessary, by filing a petition for writ of mandamus against the Department in the circuit court where he is incarcerated.").
Because Cunningham is attempting to challenge the DOC's interpretation of his sentences, his remedy is not through rule 3.800(a), despite the letter written by the trial judge. Instead, Cunningham must pursue and exhaust his administrative remedies before returning to the circuit court. Therefore, we affirm denial of the rule 3.800(a) motion without prejudice to Cunningham seeking the relief described above.
STONE, FARMER and TAYLOR, JJ., concur.
NOTES
[1] We note that appellant had not included the transcripts of the oral pronouncement of the sentence in the record before the trial court, thus any such record is not properly before this Court. Additionally, the appellant has not alleged that the oral pronouncement is different from the ultimate sentence imposed by the DOC.