943 So.2d 240 (2006)
Roberto BORROTO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1859.
District Court of Appeal of Florida, Third District.
November 8, 2006.
Roberto Borroto, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before CORTIÑAS, ROTHENBERG, and LAGOA, JJ.

*241 ON MOTION FOR REHEARING AND/OR CLARIFICATION

ROTHENBERG, Judge.
We grant the State of Florida's Motion for Rehearing and/or Clarification, withdraw our previously issued opinion, and issue the following opinion correcting and clarifying our ruling.
The defendant, Roberto Borroto ("Borroto"), appeals the trial court's order denying his motion to correct illegal sentences in case numbers 01-25640 and 01-26153, alleging that he has not received the appropriate court ordered credit for time served. As to these claims, we affirm as the record refutes the claims. Borroto also appeals the denial of his claim that he has not received all the credit which he asserts he is owed in case numbers 82-11444(A) and 94-20198. As we agree with the trial court that these claims were not properly before the trial court, we affirm the order denying relief and do so without prejudice for the defendant to seek administratively the time for which he contends he is entitled, and if unsuccessful and after exhausting his administrative remedies, to file a petition for writ of mandamus under the correct case numbers in the Second Judicial Circuit Court for Leon County. See Salazar v. State, 892 So.2d 545, 547 (Fla. 3d DCA 2005)(after exhaustion of administrative remedies, petition for writ of mandamus may be filed in Leon County, Florida); Stovall v. Cooper, 860 So.2d 5, 7 (Fla. 2d DCA 2003)(petition for writ of mandamus as to gain time lies against the Department of Corrections in the county wherein which the DOC keeps its headquarters, i.e., Leon County).
The record reflects that Borroto was sentenced to nine months in the Dade County jail in case number 01-25640 on July 22, 2002, and to nine months in the Dade County jail in case number 01-26153 on August 9, 2002. In each instance, the trial court ordered and the defendant received all credit for time served. The State concedes that Borroto has satisfied the sentence requirements in both cases, as he was entitled to 332 days for time served in case number 01-26153 and 337 days for time served in case number 01-25640.
Borroto, however, also claims that the time he served in each of these cases also should be applied to a 1982 conviction, which appears to be the basis for his current incarceration due to a parole violation. As Borroto claims that the Department of Corrections has failed to award him a credit for time served in this case, he is required to seek redress administratively with the Department of Corrections. After exhausting his administrative remedies, if Borroto is unsatisfied with the outcome, he may seek judicial relief by filing a petition for writ of mandamus under the 1982 case number, with the Second Judicial Circuit Court in and for Leon County, Florida. See Cordova v. State, 855 So.2d 216, 217 (Fla. 3d DCA 2003)(holding that defendant seeking credit for time served must exhaust administrative remedies within the Department of Corrections prior to seeking judicial relief); Barber v. State, 661 So.2d 355, 356 (Fla. 3d DCA 1995)(holding that after exhausting administrative remedies, if the defendant believes the Department of Corrections' ruling is incorrect, he may file a petition for writ of mandamus in the Circuit Court for the Second Judicial Circuit, Leon County, Florida). We note that based upon the attachments to the trial court's order, Borroto has sought administrative review regarding the awarding of credit for time served in the 82-11444(A) case, but made no claim regarding the time he spent in *242 jail in 2002.[1]
Affirmed.
NOTES
[1] According to "Exhibit 2" of the trial court's order, in the grievance filed by Borroto with the Department of Corrections, he asserts that he did not receive credit for time served from April 8, 1983 to March 3, 1987, from May 10, 1995 to June 18, 1996, and from August 1994 to May 10, 1995. None of these time periods involve the time frame in which Borroto was incarcerated in case numbers 01-25640 and 01-26153.