967 So.2d 412 (2007)
Orlando CANETE, Petitioner,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Respondent.
No. 1D07-2505.
District Court of Appeal of Florida, First District.
October 26, 2007.
*413 Orlando Canete, pro se, Petitioner.
Kathleen Von Hoene, General Counsel, and Beverly Brewster, Assistant General Counsel, Florida Department of Corrections, Tallahassee, for Respondent.
PER CURIAM.
By petition for writ of certiorari, Orlando Canete seeks review of an order of the circuit court denying his amended petition for writ of mandamus, by which he sought an order directing the Department of Corrections ("DOC") to restore 800 days of jail credit awarded to him by his sentencing court. The circuit court denied relief on procedural grounds, finding that Canete's claim was barred by the statute of limitations, and substantive grounds, finding that on the merits, he had nonetheless failed to demonstrate an entitlement to mandamus relief. In accordance with Whisner v. Moore, 825 So.2d 420 (Fla. 1st DCA 2002), we treat this proceeding as an appeal, although we apply the higher certiorari standard of review to the portion of the order denying relief on the merits. Concluding that the circuit court erred in finding that Canete's claim was barred by the statute of limitations and departed from the essential requirements of law in denying mandamus relief on the merits, we reverse.
In July 2003, Canete was sentenced by the Broward County Circuit Court to three consecutive terms of imprisonment. The written judgment and sentence awarded Canete 400 days of credit for jail time on each count. In its initial calculation of *414 Canete's tentative release date, DOC applied a total of 1,200 days' credit for time served against the overall sentence imposed for the three counts. In December 2003, Canete received notice of his gain-time award for the month of November 2003, reflecting the application of 10 days of incentive gain-time, and showing that his tentative release date ("TRD") at that time was February 22, 2035. Canete received notice of his gain-time award for December 2003 on January 15, 2004. This document reflected that Canete had again been awarded 10 days of incentive gain-time, but reflected that his TRD was now April 22, 2037, equating to a 790-day extension of the previously reported TRD.
Canete filed an informal grievance in August 2006, asserting that the sentencing court had awarded him 1,200 days of jail credit, but that DOC had somehow taken away 800 days. Canete's informal grievance was denied with the explanation that although he was originally credited with 400 days of jail time on each count, the sentencing judge then sent a memo to DOC clarifying that her intent was to award a total of only 400 days. Canete thereafter filed a formal grievance with the warden, which was likewise denied. He then filed an administrative appeal to the Office of the DOC Secretary in August 2006, and when he did not receive a response, he filed his petition for writ of mandamus in the circuit court in November 2006.[1] Therein, he sought an order compelling DOC to apply the full 1,200 days of jail credit awarded to him, arguing that DOC had failed to show that the sentencing court had lawfully modified his sentence.
The circuit court initially dismissed Canete's petition without prejudice, finding that he had failed to conclusively demonstrate that all administrative remedies had been exhausted, and allowed Canete 30 days to serve an amended petition adequately demonstrating exhaustion. Canete thereafter filed a timely amended petition in January 2007, and the circuit court issued an order to show cause. DOC responded, explaining that because it was uncertain whether the sentencing court intended for the 400 days of jail credit to be applied to each count or to the sentence as a whole, it sent a letter to the State Attorney's Office in December 2003, with a copy to the sentencing judge, requesting clarification. Shortly thereafter, DOC received from the sentencing judge a letter indicating that it was the court's intent not to award 400 days of time served on each count. DOC therefore structured Canete's sentence accordingly, applying 400 days of credit only to Count I. In response to the request for mandamus relief, DOC argued that because Canete acknowledged that he became aware of the change in his TRD in January 2004, his claim was untimely under section 95.11(5)(f), Florida Statutes.[2] DOC further argued that Canete had otherwise failed to demonstrate an entitlement to mandamus relief because the Department had applied jail credit in accordance with *415 the express directions of the sentencing judge.
Following the filing of Canete's reply, the circuit court denied the amended petition for writ of mandamus, agreeing with DOC that the claim was barred by section 95.11(5)(f), and that in any event, Canete had failed to demonstrate the existence of a ministerial duty on the part of DOC to apply the disputed 800 days of jail credit. In the latter regard, the circuit court reasoned that DOC is obligated to interpret sentencing orders in a manner consistent with the law, and the sentencing judge's letter constituted a clear directive that was consistent with Florida law governing the application of jail credit to consecutive sentences.
With regard to the statute of limitations issue, both parties acknowledge that section 95.11(5)(f) is applicable to this case. The issue, then, is when Canete's cause of action accrued for purposes of commencing the running of the one-year limitation. As DOC correctly notes, section 95.031, Florida Statutes, provides in general terms that a cause of action accrues when the last element constituting the cause of action occurs. Case law recognizes, however, that a cause of action cannot be said to have accrued for purposes of the statute of limitations until an action may be brought. See, e.g., State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818 (Fla.1996); New York State, Dep't of Taxation v. Patafio, 829 So.2d 314 (Fla. 5th DCA 2002). Canete's mandamus claim in the circuit court essentially sought review of an administrative determination of DOC rejecting his grievances relating to the disputed jail credit, and his cause of action cannot be deemed to have accrued until the administrative grievance process was exhausted. In its order dismissing Canete's initial petition without prejudice, the circuit court observed that "[t]he exhaustion of administrative remedies is a necessary prerequisite to seeking judicial review." The correctness of this statement is made manifest by the substantial body of case law holding that before seeking extraordinary writ relief in a situation such as this, an inmate dissatisfied with an administrative action of DOC is required to exhaust available administrative remedies. See, e.g., Pugh v. State, 954 So.2d 1254 (Fla. 4th DCA 2007); Borroto v. State, 943 So.2d 240 (Fla. 3d DCA 2006); Thomas v. State, 828 So.2d 1045 (Fla. 4th DCA 2002); Verrone v. State, 797 So.2d 613 (Fla. 1st DCA 2001); Rood v. State, 790 So.2d 1192 (Fla. 1st DCA 2001).[3] In short, Canete's claim for mandamus relief did not become ripe for judicial review until the administrative grievance process was exhausted, and because he invoked the circuit court's jurisdiction well within one year of that date, his claim was not barred by section 95.11(5)(f).
On the merits, we conclude that DOC lacked authority to alter the sentences as imposed by the sentencing court, despite the trial court's "clarifying" letter. As the circuit court observed, a defendant who is convicted of multiple offenses and sentenced to consecutive terms of imprisonment *416 must be given presentence jail credit only on the first of the consecutive sentences. See Daniels v. State, 491 So.2d 543 (Fla.1986); Barnishin v. State, 927 So.2d 68 (Fla. 1st DCA 2006). Nonetheless, although the sentencing court is required to award jail credit on only one of the consecutive sentences, the award of anything further remains within the discretion of the court. See Gisi v. State, 948 So.2d 816 (Fla. 2d DCA 2007). In other words, even though a defendant is not strictly entitled to jail credit against each term when he receives consecutive prison sentences on multiple charges, such an award is permissible and does not render the sentence "illegal." See King v. State, 913 So.2d 758 (Fla. 2d DCA 2005); Linton v. State, 702 So.2d 236 (Fla. 2d DCA 1997).
Because the sentences imposed on Canete were neither ambiguous with respect to the awards of jail credit or even arguably "illegal," DOC had no call to seek "clarification" of those sentences, nor did it have authority to modify the sentences based on the sentencing judge's letter.[4] Although it arose in a different procedural context, the decision in Fuston v. State, 838 So.2d 1205 (Fla. 2d DCA 2003), is instructive in this regard. In Fuston, DOC sent a letter to the sentencing court claiming that it had failed to impose certain minimum mandatory terms that were required by law. Upon receipt of the letter, the sentencing court held another sentencing hearing and imposed the minimum mandatory terms. The Second District reversed the denial of Fuston's postconviction motion challenging the new sentences, and in addressing DOC's role in the matter, observed the following:
We are aware that the Department regularly sends such letters to the trial courts. The Department often receives confusing sentencing documents, and it undoubtedly has the authority to request clarification of those sentences in order to assure that it does not keep a prisoner longer than the time specified in the sentence. Moreover, the Department has considerable expertise in sentencing and can often alert a trial judge to the existence of an illegal sentence. On the other hand, we know of no power given to the Department to reverse a sentence, or to disobey a sentence, when it is not ambiguous. The Department has no authority to impose a more onerous sentence upon a prisoner than the sentence actually imposed by the trial court. If the State believes a sentence is erroneous, it is obligated to preserve this issue and appeal it to an appropriate appellate court. Otherwise, the sentence imposed by the court stands, and the Department must comply with that sentence.
Id. at 1207.
Because the sentences imposed on Canete were unambiguous concerning the award of jail credit, DOC's ministerial duty is to implement those sentences as written. See Pearson v. Moore, 767 So.2d 1235 (Fla. 1st DCA 2000), approved, 789 So.2d 316 (Fla.2001). In the absence of a facially valid order of the sentencing court modifying the terms of a sentence, a sentencing judge's letter expressing an intent that is at odds with the unambiguous provisions of the written sentence does not give rise to authority on the part of DOC *417 to modify those unambiguous provisions. If there is an error in the sentence, it is the obligation of the state to preserve that issue and appeal it to the appropriate appellate court, or if the error renders the sentence "illegal," to seek relief under rule 3.800(a).
On the basis of the foregoing, the order of the circuit court denying Canete's amended petition for writ of mandamus is REVERSED, and the matter is REMANDED for further proceedings consistent herewith.
BROWNING, C.J., KAHN and ROBERTS, JJ., concur.
NOTES
[1] DOC's administrative rule provides that appeals to the DOC Secretary shall be responded to within 30 days of receipt. The rule authorizes extensions of time, but provides that if the inmate does not agree to an extension, "he shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies." See Fla. Admin. Code R. 33-103.011(3) and (4). DOC acknowledged in the circuit court that Canete had exhausted his administrative remedies.
[2] Section 95.11(5)(f) provides that except for actions challenging prison disciplinary proceedings, "a petition for extraordinary writ, other than a petition challenging a criminal conviction, filed by or on behalf of a prisoner" must be brought within one year.
[3] A particularly notable case in this regard is Cunningham v. State, 932 So.2d 1202 (Fla. 4th DCA 2006). Like Canete, Cunningham's written sentence awarded him equal amounts of jail credit against consecutive sentences. Acting on the purported authority of a letter from the sentencing judge indicating that the credit should be applied only once, DOC removed the credit from the second of Cunningham's two consecutive sentences. Cunningham raised his complaint through a rule 3.800(a) motion, but the Fourth District concluded that his proper remedy was to seek mandamus relief against DOC. In so doing, the court noted that "Cunningham must pursue and exhaust his administrative remedies before returning to the circuit court." Id. at 1204.
[4] Although we recognize that review of the sentencing court's letter itself is not within the scope of our jurisdiction, it is clear that even leaving aside the due process concerns inherent in attempting to adversely modify a defendant's sentence outside his presence, without notice, and without issuing any sort of appealable order, the sentencing court was without authority to purport to rescind the jail credits it had awarded to Canete, even if that award was unintentional. See Wheeler v. State, 880 So.2d 1260 (Fla. 1st DCA 2004).