PER CURIAM.
Defendant was sentenced on four drug related counts in Palm Beach County. He filed a motion to define and/or clarify sentence indicating that counsel told him that his Palm Beach County sentence would run concurrently with a sentence imposed in an unrelated Saint Lucie County case. He stated that the Department of Corrections (“DOC”) “need[ed] to be advised of the structure in this judgment.” The trial court summarily denied the motion without explanation. The record on appeal only contains the motion and the trial court’s order. Neither includes any attachments. The limited record before this Court does not reflect how the sentences were ordered to run, or what was discussed at sentencing.
Defendant’s cursory claim can be read in two ways. First, it may be read as an assertion that counsel was ineffective for misadvising him about the sentence that he would receive. Alternatively, Defendant may just be alleging that the DOC records do not reflect that his sentence should be running concurrently with the Saint Lucie County sentence, as ordered by the court. In any event, we find that Defendant has failed to set forth an issue that requires definition or clarification.
To the extent that the motion could have been considered under Florida Rule of Criminal Procedure 3.800(a), Defendant’s claim was insufficient since he did not actually allege that the sentence was illegal, nor did he allege where in the record the information could be found and how it would explain entitlement to relief. See Toro v. State, 719 So.2d 947 (Fla. 4th DCA 1998). Furthermore, the claim could not be considered under Florida Rule of Criminal Procedure 3.850 because it was not sworn, and he did not allege that trial counsel was ineffective for advising him that the sentence would run concurrent to the Saint Lucie County sentence. See Brooks v. State, 91 So.3d 212 (Fla. 4th DCA 2012); Reed v. State, 703 So.2d 532 (Fla. 4th DCA 1997). Even if it had been sworn, the claim could not be considered under rule 3.850 because Defendant was not seeking to vacate his sentence or withdraw his plea; rather, he seemed to be more concerned with the DOC’s interpretation of the sentence.
Thus, we affirm the trial court’s denial of Defendant’s motion to define and/or clarify, but we do so without prejudice to his filing a facially sufficient motion under rule 3.800(a), or rule 3.850, to the extent that his claim may allege an illegal sentence or ineffective assistance of counsel, respectively. With regard to Defendant’s concern about the DOC’s interpretation of his sentences, he is advised that he must first exhaust his administrative remedies with the DOC before pursuing relief in the circuit court. See Cunningham v. State, 932 So.2d 1202 (Fla. 4th DCA 2006).

*205
Affirmed without prejudice to seek the relief described above.

GROSS, TAYLOR and CIKLIN, JJ„ concur.