PER CURIAM.
David Sanders, Appellant, appeals from an order denying his petition for a writ of mandamus directing the Department of Corrections to structure sentences he received in Duval and Nassau Counties as concurrent with sentences he received in Osceola County, as provided in sentencing orders issued by courts in Duval and Nassau Counties. The Department has a ministerial duty to implement sentencing orders as written, and it lacks the authority to adjudicate the legality of a court order. Canete v. Fla. Dep’t of Corrs., 967 So.2d 412, 416-17 (Fla. 1st DCA 2007); Pearson v. Moore, 767 So.2d 1235, 1238 (Fla. 1st DCA 2000). The orders from Duval and Nassau Counties unambiguously require the concurrent sentencing Appellant seeks; do not contradict the legal effect of the Osceola County order; and, according to the undisputed facts presented to the cir *510 cuit court, have not been altered by appeal or collateral attack. Therefore, we reverse the order denying Appellant’s petition for writ of mandamus and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
THOMAS, WETHERELL, and RAY, JJ., concur.