FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-1287
_____

MATTHEW RYAN COFFIN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court of Bay County.
Shonna Young Gay, Judge.

May 22, 2024

OSTERHAUS, C.J.

Appellant appeals a trial court order that caused his 2005 written judgment and sentence to be amended sua sponte, removing jail credit that had been applied to each of his consecutive sentences. We affirm the order in part, but also reverse in part because the trial court lacked jurisdiction under the circumstances to amend Appellant's sentencing documents.

I.

In 2022, Appellant filed a motion to correct an illegal sentence on the basis that applying 366 days of jail credit to each count of his consecutive sentences impermissibly mingled concurrent and consecutive sentences. The trial court denied the motion and in so

doing found what it considered to be a fixable clerical error in the written judgment and sentence. The written judgment and sentence entered in 2005 had applied jail credit to all counts of Appellant's consecutive sentences. While acknowledging it to be within the discretion of a sentencing court to apply jail credit to all consecutive sentences, the trial court concluded that credit had been erroneously applied in Appellant's case, in a manner not reflected in the transcript from the original sentencing hearing. Exercising what it considered its "inherent authority to correct clerical errors in the Judgment and Sentence when the written Judgment and Sentence conflicts with the oral pronouncement," the trial court sua sponte amended Appellant's sentencing documents to apply jail credit only to the first sentence of Appellant's consecutive sentences.

## II.

Appellant argues on appeal that the lower court erred by denying his motion and by sua sponte amending his judgment and sentence. The standard of review for the denial of a rule 3.800(a) motion to correct illegal sentence is de novo. *Jimenez v. State*, 265 So. 3d 462, 476 n.10 (Fla. 2018).

As an initial matter, we affirm the court's denial of Appellant's motion to correct illegal sentence. Nothing about Appellant's mixture of jail credit and consecutive sentences requires a resentencing to concurrent sentences. *See, e.g., Canete v. Fla. Dep't of Corr.*, 967 So. 2d 412, 415-16 (Fla. 1st DCA 2007) (recognizing the discretion of trial courts to award jail credit against each term of consecutive prison sentences on multiple charges).

We reverse, however, the trial court's decision to amend Appellant's sentencing documents sua sponte to eliminate the jail credit originally applied to each term of Appellant's consecutive prison sentences on multiple charges. On this point, the oral record of Appellant's sentencing falls short of confirming that a clerical error was made in the sentencing documents. *See Spear v. State*, 341 So. 3d 1106 (Fla. 2022) (allowing scrivener's errors to be fixed only if rules-based requirements are satisfied). At Appellant's sentencing (before a different judge) in 2005, the court didn't expressly state whether Appellant's jail credit would apply only

against the first sentence or to all consecutive sentences. When Appellant raised the issue of jail credit the following exchange took place:

> THE COURT: Well, every inmate is entitled to their jail credit, whatever that may be. And we will be happy to measure that. Again, I don't know exactly how much time they're entitled to. I don't know that anybody has stated a specific amount, although we are at –

> [STATE]: Judge, it happened 9-5-04 and today we're here at 9-6-05.

> THE COURT: We got 366 days, is that right?

> [DEFENSE]: If that's what they will give him, that's fine.

> THE COURT: Each defendant will be entitled to that number of days as jail credit against their sentence.

In other words, the court didn't address specifically whether or how Appellant's jail credit would apply to his consecutive sentences on different charges. And without a clear statement limiting Appellant's jail credit only to the first of his consecutive sentences, we cannot deduce a scrivener's error from the corresponding sentencing documents that credited time against each of Appellant's consecutive sentences.

Consistent with our previous cases and *Spear*, we conclude that the trial court lacked authority to sua sponte rescind the jail credit awarded to Appellant in his original, 2005 sentencing documents. *See Cummings v. State*, 279 So. 3d 818, 820 (Fla. 1st DCA 2019) (considering "the rescission of previously awarded jail credit as an increased penalty and a violation of the defendant's [constitutional] rights"). In *Spear*, the Florida Supreme Court confronted circumstances where the trial court had accidentally miscalculated and then overreported the appellant's jail credit. *Spear*, 341 So. 3d at 1108-09. Two months later, the trial court sua sponte rescinded Spear's erroneously awarded jail credit. *Id*. at 1109. After an appeal and a certified question by the Fifth District,

3

the Florida Supreme Court acknowledged that "a trial court [has] the inherent authority to sua sponte correct sentencing documents that overreport the amount of jail time served by a defendant." *Id.* at 1107. But the Court required sentence corrections to comply with rule-based parameters. A scrivener's error involving overreported credit could be fixed only within the confines of Florida Rule of Criminal Procedure 3.800(b) and had to be timely. *Id.* at 1110-11 (disallowing the correction of overreported jail and prison credit under rule 3.800(a)). Under this rule, the Court held that the trial court's sua sponte amendments in *Spear* were untimely:

> [T]he sua sponte corrections to Spear's sentencing documents, which the trial court made after Spear's appeal was over, were untimely and cannot stand. Rule 3.800(b) expressly permits the State in certain circumstances to file a motion to correct a sentencing error, but the State did not do so in this case. In the absence of a motion by the State, the trial court could only have corrected the errors on its own motion within the framework of and in compliance with rule 3.800(b). Moreover, a correction of the errors would have been appropriate only if the errors constituted scrivener's errors.

*Id.* at 1110.

*Spear* controls here where the trial court made similar sua sponte corrections to the sentencing documents some seventeen years after sentencing (which is outside the timeframe of rule 3.800(b)). Moreover, because the corrections addressed jail credit "errors" that didn't clearly constitute scrivener's errors, we conclude that the trial court lacked authority to alter Appellant's sentencing documents.

### III.

AFFIRMED in part, REVERSED in part, and REMANDED.

RAY and M.K. THOMAS, JJ., concur.

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Matthew Ryan Coffin, pro se, Appellant.

Ashley Moody, Attorney General, and Michael L. Schaub, Assistant Attorney General, Tallahassee, for Appellee.